COMMONWEALTH *vs.* JEREMIAH MULLEN.

Under the St. of 1866, *c.* 260, a defendant in a criminal case who offers himself as a witness on the trial, waives his right of refusing to furnish evidence against himself, and is subject to examination on all facts material to the issue.

On the trial of an indictment for being a common seller of intoxicating liquor, at which there is evidence that the sales relied on by the government were seen through a glass in a door, and the defendant offers himself as a witness for the sole purpose of testifying whether or not there was a glass in it, no exception lies to the permission by the presiding judge to the government attorney to ask the witness on cross-examination whether there was not glass in a partition near the door.

INDICTMENT for being a common seller of intoxicating liquor.

At the trial in the superior court, before *Rockwell,* J., a state deputy constable testified that he saw the defendant make three separate and distinct sales of intoxicating liquor ; that there was a glass in a door which led from the room where the sales were made to the entry where he stood, and he saw the sales through this glass.

The defendant was called as a witness, and before examination his counsel stated to the court that he was offered for the single purpose of testifying whether or not there was or had been any glass or sash in that door, and for no other purpose. The defendant then testified that there was no glass or sash in the door, and had not been any therein since he had owned it, which was more than six years. On cross-examination the district attorney asked him whether there was not a sash with glass in the partition near the door. The defendant's counsel objected to the question as opening new matter and incompetent. This objection being overruled, the defendant answered that there was such a sash.

The jury found a verdict of guilty, and the defendant alleged exceptions.

*J. Brown,* for the defendant. The St. of 1866, *c.* 260, cannot abridge the defendant's rights under the constitution, which are, not only that he shall not be compelled to furnish evidence against himself, but also that he may produce all proofs that may be favorable to him. Declaration of Rights, art. 12. He

offered himself as a witness on a distinct fact material to the issue, and on no other. The judge permitted him to be asked on cross-examination as to a separate fact; and he was thereby compelled, against his objection, to furnish evidence against himself. The rule in cross-examination in civil cases ought not to apply here. And the question which he was compelled to answer was open to the objection of introducing new matter not relied on when the government rested its case.

*C. Allen,* Attorney General, for the Commonwealth, was not called upon.

BIGELOW, C. J. The statute which allows a defendant in a criminal case, at his own request and not otherwise, to testify in his own behalf, (St. 1866, *c.* 260,) expressly provides that " he shall be deemed a competent witness; " that is, competent not for a special purpose, or to give evidence only which shall operate in his own favor, but competent to testify to any facts relevant and material to the issue. Like all other witnesses, he is to tell the truth and the whole truth concerning any matter proper to be inquired about. If he offers himself as a witness, he waives his constitutional privilege of refusing to furnish evidence against himself, and may be interrogated as a general witness in the cause.

The objection founded on the course of the examination of the defendant at the trial is untenable. The order of the introduction of evidence and the time when questions relating to new matters may be put are within the discretion of the presiding judge, to the exercise of which no exception lies.

*Exceptions overruled.*