WILLIAM DELAMATER, Plaintiff in Error, *v.* THE PEOPLE, &c., Defendants in Error.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

A prisoner is a competent witness on his own behalf, under chapter 678 of the act of 1869, even although he has been sentenced upon a conviction for felony, and is unpardoned.

THE prisoner was indicted at the Ulster Oyer and Terminer for April, 1871, for an assault with intent to commit rape. The indictment was sent to the sessions and he was tried upon said indictment and convicted of an assault and battery at the June term thereof. On the trial, the prisoner offered himself as a witness in his own behalf. It was admitted that he had served out a term in the State prison, having been sent there on a conviction for a felony. The court refused to allow him to be sworn in his own behalf, and ruled that he was incompetent because of his said conviction, sentence and service of his term in the State prison. To this ruling the prisoner excepted. A bill of exceptions was made and filed. A writ of error was allowed and the proceedings removed to this court.

*Charles A. Fowler*, for the plaintiff in error.

*F. L. Westbrook*, district attorney, for the defendants in error.

Present—MILLER, P. J., JAMES and PARKER, JJ.

By the Court—MILLER, P. J. This case presents the single question, whether a person convicted of a felony who has not been pardoned is a competent witness in his own behalf,

upon a trial on an indictment subsequently found against him for a criminal offence.

The Revised Statutes provide that "No person, sentenced upon a conviction for felony, shall be competent to testify in any cause, matter or proceeding, civil or criminal, unless he be pardoned by the governor or by the legislature, except in the cases specially provided by law."

The legislature thus reserved the power expressly to create exceptions from the general scope and effect of the section cited, and it appears that in 1847 a convict was made a competent witness in certain cases. (S. L. of 1847, chap. 460, § 151.)

By chapter 678, of Laws of 1869, which is entitled, "An act in relation to evidence in criminal prosecutions, and in all proceedings in the nature of criminal proceedings," it is enacted that, "In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offences, and in all proceedings in the nature of criminal proceedings in any and all courts, and before any and all officers and persons acting judicially, the person so charged shall, at his own request, but not otherwise, be deemed a competent witness, but the neglect or refusal of any such person to testify shall not create any presumption against him."

This statute is broad and comprehensive in its terms, and its phraseology embraces any person charged with the commission of a criminal offence, which includes those who are disqualified by the provision of the Revised Statutes before referred to, as well as all others on trial, who may request to be examined as witnesses. It makes another exception in favor of the criminal, from the effect of the disqualification which the Revised Statutes imposed. It specially provides for an examination in all cases of trial by indictment, &c., against persons charged with any criminal offence, and its manifest intention was, that the person thus charged, no matter how infamous or to what extent branded by a judgment of conviction, should be permitted to testify and to speak on

his own behalf. I think that the legislature intended to remove all disabilities in such cases, and to permit the alleged offender to present such a statement as he could make on his own behalf, and in exoneration of the crime with the commission of which he was charged. If he had been convicted previously of a felony, of course it might seriously detract from the truthfulness of his story before a court and jury; but the credit to which he would be entitled under such circumstances was a matter affecting the credibility of the witness, and not the right to be sworn as such. So long as criminals are permitted to testify, no evil could result from extending the privilege to all who might be charged with crime, and the scope and object of the act evidently was to open wide the door to all this class of persons who might desire to avail themselves of the privilege or the right which it conferred.

Since the adoption of the Code of Procedure in this State, great innovations have been made upon the rules of the common law in regard to the admission of parties as witnesses; and in conformity with this progressive spirit, the act of 1869, which admits a felon to testify on a trial for his life or liberty, on his own behalf, was adopted. It was designed to remove all disabilities in such cases, and it would be doing violence to its plain import and intention to circumscribe or restrict its operation.

Although the repeal of a statute by implication is not favored in this State, it is equally well settled that when a subsequent statute is clearly repugnant to a prior one, it necessarily repeals the former, although it does not do so in terms. (Sedg. on Stat. and Con. Const'n, 124.) Every statute is, by implication, a repeal of all former statutes, so far as it is contrary and repugnant thereto, and that without any repealing clause. (Id., 125.) So far, then, as the provision of the act of 1869 is repugnant to the section of the Revised Statutes which has been cited, it impliedly repeals the latter, or rather modifies and restricts its operation and effect. The last statute must control, and the former yield

to its requirements. While, then, the provisions of the Revised Statutes remained in force prior to the act of 1869, the latter act has rendered them inoperative, in cases of trial by indictment of or proceedings against persons charged with criminal offences.

Regarding the plain meaning of the statute, the apparent and clear intention of its framers, and the effect of it as a subsequent law, it is evident that the court below erred in the rejection of the evidence offered, and for this reason the judgment and conviction must be reversed.

Conviction reversed