Henry Newman, plaintiff in error, *vs.* The People of the State of New York, defendants in error.

Under the act of the legislature of May 7, 1869, which provides that a party accused of crime shall, at his own request and not otherwise, be deemed a competent witness in his own behalf, a prisoner, on his trial, was put upon the stand as a witness in his own behalf, and examined by his own counsel, and cross-examined by the district attorney. On his cross-examination, being asked if he had been in the State prison, he said he had, and served out his term. The court instructed the jury to wholly disregard the testimony of the prisoner. *Held* that this was an error.

Newman *v.* The People.

*Held, also,* that it was an error in the court, if the testimony could have been excluded, to admit the testimony and then direct the jury to disregard it.

The law intended to allow a prisoner the benefit and privilege of stating to the jury any matter calculated to explain the charge against him. This privilege is to be enjoyed irrespective of any matter which could disqualify a witness under ordinary circumstances.

The degree of credit to which a prisoner, examined as a witness in his own behalf, is entitled, is to be decided by the jury, and not the court. ·

ERROR to the New York court of general sessions, where the prisoner was tried upon an indictment for grand larceny.

The indictment charged this larceny as a second offence. It alleged that the said Newman, by the name of Edward Ryan, was duly convicted of grand larceny in the court of general sessions, on the 23d day of May, 1860, and sentenced to imprisonment in the State prison for the term of two years, and then proceeded to charge him with the larceny for which he was then tried. On the trial, the prisoner was examined as a witness in his own behalf.

He was convicted and sentenced to the State prison for the term of ten years.

*Wm. F. Howe,* for the plaintiff in error.

I. The court erred in striking out the evidence of the prisoner, and in instructing the jury to disregard the evidence of the prisoner. In the case of *Delamater, plaintiff in error* v. *The People, defendants in error, (Third department,* September term, 1871; *Alb. Law Jour., February* 24, 1872,) the prisoner was indicted for an assault with intent to commit rape, and, on the trial, he offered himself as a witness in his own behalf. The court refused to allow him to be sworn, because, as was admitted, he had served out a term in the State prison, having been sent there on a conviction for a felony. It was held, that, by chapter 678 of the laws of 1869, in all cases of trials by indictments, &c., against persons charged with any criminal offence, the person so charged, no matter how infamous, or

to what extent branded by a judgment of conviction, should be permitted to testify in his own behalf. The court below erred in the rejection of the evidence offered, and the judgment. and conviction was, for that reason, reversed. (*See S. C.*, 5 *Lans.* 332.)

II. The court erred in proving the former conviction of the plaintiff in error, before the prisoner had put his character in issue. (2 *Russell on Crimes*, 129. *The Queen* v. *Shuttlework*, 3 *Carr. & K.* 375. 2 *Den. C. C.* 351. 5 *Cox's Crim. Cas.* 369, 387. *Roscoe's Crim. Ev.* 200. *Also see People* v. *White*, 14 *Wend.* 111.) We insist, that upon the authority of the case of *Delamater* v. *The People*, (5 *Lans.* 332,) and the other cases cited, the conviction should be reversed, and a new trial ordered.

*Orlando L. Stewart*, (assistant district attorney,) for the defendants in error.

I. The indictment was in the proper form, and the evidence to sustain it was competent testimony. It set forth the former conviction of the prisoner of grand larceny, his sentence, and avers that, "having been duly discharged and remitted of such judgment and conviction, afterwards, to wit," he committed the larceny charged in this indictment. (*Stevens* v. *The People*, 1 *Hill*, 261. 2 *R. S.* 722, *Edm. ed.*)

II. The prisoner, on the trial, offered himself as a witness in his own behalf, and it appearing, by his own testimony, that he had been in State prison ; had not been pardoned, but served out his term of imprisonment, the district attorney moved the court to instruct the jury to wholly disregard the testimony given by the prisoner in his own behalf; and the motion was granted. . The prisoner having been convicted of a felony, and served a term in the State prison, was incompetent to testify. His character as a witness was, by his own infamy, destroyed. (2 *R. S.* 724, *Edm. ed.*) The act of the legislature of 1869

Newman *v.* The People.

provides that a party accused or charged with commission of a crime, shall "be deemed a competent witness," "at his own request, but not otherwise." (*Laws of* 1869, *ch.* 678.) When a party accused of crime offers himself as a witness in his own behalf; when he exchanges his position in the dock for the witness stand, he ceases, for the time being, to be a party, and becomes a witness, and is subject to all the rules and tests governing other witnesses. (*Brandon* v. *The People,* 42 *N. Y.* 265. *The People* v. *Conners, Court of Appeals, not yet reported.*)

*By the Court,* INGRAHAM, P. J. On the trial of this case in the court of general sessions, the prisoner was put on the stand and examined as a witness in his own behalf, under the provisions of the act of May 7, 1869, (*Laws of* 1869, *ch.* 678,) which provides that a party accused of crime shall, at his own request, and not otherwise, be deemed a competent witness in his own behalf. He was examined at length by the counsel for the prisoner, and by the district attorney. On the cross-examination he was asked if he had been in the State prison. He said he had, and served out his term. On this proof, the district attorney asked the court to charge the jury " to disregard his testimony, on the ground that having served as a felon, being civilly dead, in law, he was not competent as a witness." The court instructed the jury to wholly disregard the testimony of the prisoner.

We think this was an error. The law intended to allow a prisoner the benefit and privilege of stating to the jury any matter which was calculated to explain the charge against him. This privilege was to be enjoyed irrespective of any matter which could disqualify a witness under ordinary circumstances. The degree of credit to which he was entitled was to be decided by the jury, and not the court. And yet the court refused him the

privilege given to him by the law, because he was not worthy of belief.

This question has been examined and decided in the third district, in *Delamater* v. *The People*, (5 *Lans.* 332.) The court, in that case, say : " The person charged with any criminal offence, no matter how infamous, should be permitted to testify in his own behalf."

It was also an error in the court, if the testimony could have been excluded, to admit the testimony and then direct the jury to disregard it. However guilty the prisoner may be, he is entitled to all that the law gives him, on his trial ; and when the provisions and rules of law are violated, it is the duty of the court to direct a new trial.

Judgment reversed, and new trial ordered.

