## THE STATE v. Cox, *Appellant.*

1. **Criminal Law**: DEFENDANT AS WITNESS: LIABILITY TO IMPEACH-MENT. When a defendant in a criminal case testifies in his own behalf, the State may impeach his character before he offers any evidence that it is good; his testimony is subject to the same rules and tests as that of any other witness.

2. ———: HOW IMPEACHED. In impeaching a witness, evidence of his reputation for general moral character, as well as of that for truth and veracity, is admissible; but before permitting witnesses to testify as to such reputation, they must show that they are acquainted with it.

*Appeal from Henry Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*B. G. Boone* for appellant.

*J. L. Smith,* Attorney General, for respondent.

SHERWOOD, C. J.—The defendant, indicted for grand larceny, was tried, convicted and appeals here.

1. It is objected for defendant that the evidence adduced was insufficient to establish his guilt. We have read the testimony, and are of a different opinion. Although the evidence was circumstantial, it certainly tended strongly to show defendant to be the thief who stole the harness, and his explanations as to the property being

found in his possession, and as to his alleged purchase of it, not long after it was stolen, from a mere stranger, whom he met on the road, are very far from satisfactory; because defendant was at Montrose when Banke's harness was stolen, knew the harness well, had previously borrowed a portion of it, knew the next morning after it was missing that it had been stolen, and yet when the harness is, according to his account, offered to him for less than two-thirds of its value, and within a few days after the occurrence of the theft, he makes no inquiries, but blindly purchases the harness, as well as some other articles from an entire stranger. The jury, no doubt, properly thought the story told by defendant in relation to his alleged purchase, was altogether too improbable for rational belief.

2. In reference to the instructions, inclusive of the third, to which special objection is made, we discover not the slightest objection. They are in the form adopted and sanctioned by this court in numerous instances.

3. As to the admission of evidence on behalf of the State, respecting the character of defendant, and to impeach it before he had adduced any evidence showing it to be good, no error was committed. When defendant came upon the witness stand, he did so, on precisely the same footing as any other witness, and subject, of course, to the same rules and tests. (*State v. Clinton*, decided at this term, *ante* p. 380.)

4. And under our rulings, it was perfectly competent also, to show not only the standing of the respective witnesses as to truth, &c., but also to show their general moral character. (*State v. Clinton, supra.*) But error was committed in permitting the witnesses who testified as to the reputation of defendant, to thus testify, without first laying the necessary foundation, by showing themselves acquainted with such reputation. For this, the only error we discover as having occurred at the trial, the judgment must be reversed and the cause remanded. All concur.

REVERSED.