The State v. Rugan.

THE STATE, *Appellant,* v. RUGAN.

1. **Witness**: PRACTICE, CRIMINAL. When the defendant in a criminal case testifies in his own behalf, he stands on the same footing as any other witness, and is subject to the same rules and tests, (following *State v. Clinton,* 67 Mo. 380).

2. **A former Conviction** can only be proven by the record.

3. **Practice, Criminal**: WAIVER. A defendant in a criminal case does not, by answering an improper question asked of him upon cross-examination by the State's attorney, waive any objection to the question which has been made by his attorney and overruled by the court before he made the answer.

*Appeal from St. Louis Court of Appeals.*

*J. L. Smith,* Attorney-General, for the State.

*F. D. Turner* for respondent.

SHERWOOD, C. J.—Defendant was indicted for, and convicted of, an assault with intent to kill, and appealed to the 1. WITNESS: practice, criminal. court of appeals, where the judgment being reversed, the State appeals here. The case of the *State v. Clinton*, 67 Mo. 380, settled the point that under the recent statute, a defendant who offers himself as a witness occupies the same footing as any other witness, and is, therefore, subject to the same rules and tests. For this reason the defendant having answered on examination in chief that the scar on his forehead was produced by the prosecuting witness, Maxwell, it was competent for the attorney for the State to ask, on cross-examination, whether it was not true that the scar was caused by the club of an officer, when arresting defendant on a charge of burglary and larceny.

But we cannot give our sanction to the question propounded to the defendant in relation to his former conviction. 2. A FORMER CONVICTION. The best evidence of that was the record of the judgment of conviction, and the only evidence that could be received of the fact, if objections were made, as they were, in the present instance. 1 Greenl. Ev., §§ 377, 457.

Nor do we think that any waiver of the right to insist on the best evidence has occurred. The objection of de-3. PRACTICE, CRIMINAL: waiver. fendant's attorney had been overruled, and he only bowed in obedience to the ruling of the court, when directing the defendant to conform to that ruling and answer the improper question. A defendant on trial under a criminal charge, who offers himself as a witness, occupies a very delicate position; if he fails to answer with promptness any question whatever that the court decides he should answer, his very hesitancy, though resting on the most solid and valid objections, does him a world of damage with the jury. If the State's attorney had the record of defendant's conviction under his control, it was a

very easy matter for him to have produced it, and thus have saved the State the expense of another trial of this cause, which seems to have been otherwise very fairly tried. As it is, however, we do not feel at all disposed to give encouragement to such an irregular method of cross-examination when the accused is himself a witness. We, therefore, affirm the judgment of the court of appeals. All concur.

AFFIRMED.