### HENRY WILLIAMS v. THE STATE.

*No. 3302.  Decided December 12.*

**1. Perjury—Indictment.**—To be assignable as perjury it is essential under the statute of this State that the matter alleged in the indictment be material to the issue on the trial of which the defendant was sworn. The degree of materiality, however, is not important, and it is sufficient if it be so to a single fact.

**2. Same.**—It is settled doctrine that perjury may be assigned upon a false statement affecting only a collateral issue, as that of the credit of a witness. Washington's case, 22 Texas Ct. App., 26, approved. This indictment assigns for perjury the statement under oath of the accused as a witness on the trial of one King for rape, that he (accused) had not been tried and convicted in the District Court of Burleson County and sent to the penitentiary for horse theft. It also alleges that the statement was material to the issue in the King case, but does not set out his testimony on the King trial, nor allege the facts going to show how the false statement so made by him became material to the issue in the King case. Upon the ground that it was in these respects insufficient, the defense moved to quash the indictment. But *held,* that the indictment was sufficient, and the motion was properly overruled.

**3. Practice—Witness.**—The Act of April 4, 1889, expressly repeals subdivision 4 of article 730 of the Code of Procedure, which declared a defendant incompetent to testify in his own behalf. The said act, which qualifies a defendant as a witness in his own behalf, makes no distinction between the defendant who has, and the defendant who has not, been previously convicted of a felony; and under its operation the one is as competent to testify in his own behalf as the other.

APPEAL from the District Court of Brazos. Tried below before Hon. J. N. Henderson.

The opinion discloses the case.

*R. S. Gould, Jr.,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE PRESIDING JUDGE.—Appellant having been sworn as a witness in a certain case on trial in the District Court of Brazos County, wherein one Charley King was being prosecuted under an indictment for rape,

was asked whether or not he had been tried and convicted in the District Court of Burleson County, and sent to the penitentiary for horse theft. He swore that he had not. In the case before us he has been indicted for perjury, and the matter upon which the perjury is assigned is his above statement that he had never been convicted and sent to the penitentiary, as aforesaid, for horse theft. This indictment alleges that his statement was material to the issue on trial in the King case, but does not set out his testimony in the King case, nor does it allege the facts and circumstances going to show how the false statement so made by him became material to the issue in the King case. A motion to quash the indictment for supposed insufficiency in this respect was overruled by the court.

Unquestionably the matter assigned as perjury must be material to the issue on the trial of which the defendant was sworn. Our statute expressly declares that "the statement of any circumstance wholly immaterial to the matter in respect to which the declaration is made is not perjury." Penal Code, art. 193.

"But it is not necessary that the particular fact sworn to should be immediately material to the issue. * * * The true test is whether the statement could have properly influenced the tribunal. If it tend to do so, it is material. The degree of materiality is of no importance. If it be material to a single fact it is sufficient." Willson's Crim. Stats., sec. 306.

In Washington v. The State, 22 Texas Court of Appeals, 26, it is said: "It seems to be well settled that perjury may be assigned upon a false statement affecting only a collateral issue, as that of the credit of a witness." Citing 2 Bish. Crim. Law, secs. 1032–1038; 3 Greenl. on Ev., sec. 195; 2 Whart. Crim. Law, sec. 1278. "A witness's answers on his own cross-examination are material, and may be assigned as perjury, however discursive they may be, if they go to his credit." 2 Whart. Crim. Law, sec. 1279. The rule of the common law in regard to perjury is thus stated by Archbold: "Every question in cross-examination which goes to the witness's credit is material for this purpose." Archb. Crim. Pl. and Prac., 817 (Eng. ed.). The same rule was declared by the twelve judges in Reg. v. Gibbons, 9 Cox C. C., 105.

In The United States v. Lansberg, 23 Federal Reporter, 585, it was held that where a party accused of crime testified on cross-examination as a witness in his own behalf that he had never been in prison, when the fact was that he had been, such false answer was material matter and indictable for perjury. In that case it is said: "In Reg. v. Lavey, 3 Car. & K., 26, the accused, when a witness, had sworn falsely that she had never been tried in the Central Criminal Court, and had never been in custody at the Thames police station. On her trial for perjury these statements were ruled to be material and the conviction was sustained.

In The Commonwealth v. Bonner, 97 Massachusetts, 587, a witness had been asked 'if he had been in the house of correction for any crime.' Objection to the question on the ground that the record was the best evidence was waived, and the case turned upon the materiality of the question. The matter was held to be material. The present case is stronger, for here no objection whatever was interposed to the inquiry respecting the imprisonment of the accused. Having made no objection to the inquiry, and gained all the advantages to be secured by his false statement, it may perhaps be that it does not lie in his mouth now to say that his statement was not material. See Reg. v. Gibbons, *supra;* Reg. v. Mullany, Leigh & C., 593. But however this may be, it is our opinion that the statement he made was material matter within the meaning of the statute, because calculated to affect his credit as a witness." United States v. Lansberg, 4 Am. Crim. Rep. (Gibbons), 474.

In its allegations as to materiality the indictment was sufficient, and defendant's motion to quash was properly overruled.

After the State had closed its testimony on the trial the defendant proposed to take the stand as a witness and testify in his own behalf. To this the prosecution objected because the evidence adduced in the case showed that defendant had been duly and legally convicted of a felony in this State, and had not been pardoned. This objection was sustained by the court, and defendant was not permitted to testify in his own behalf. Doubtless this ruling was predicated upon the fifth subdivision of article 730 of the Code of Procedure, which declares as incompetent to testify as witnesses, "all persons who have been or may be convicted of a felony in this State, or in any other jurisdiction, unless the convict has been legally pardoned for the crime of which he was convicted," etc.

Subdivision 4 of said article 730, which declared a defendant incompetent to testify in his own case, has been expressly repealed by the Act of April 4, 1889 (Gen. Laws 21 Leg., p. 37), and this latter act provides that "*any* defendant in a criminal action shall be entitled to testify in his own behalf therein." No distinction is made between convicts and those who have not been convicts. The language is "*any* defendant." The right and privilege is extended to all, without exception. Mr. Wharton says: "Prior conviction of infamous crime, however, does not incapacitate him, as the statute entitles him to testify as an arbitrary universal right." Citing Newman v. The People, 63 Barb., 630. Whart. Crim. Ev., 9 ed., sec. 429; see also Morgan v. The State, 86 Tenn., 472.

Because the court erred in denying defendant his privilege and right to testify in his own behalf, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.