## GILBERTO QUINTANA V. THE STATE.

*No. 3092.   Decided March 11.*

**1.   Bill of Exception to Charge.**—An exception to the charge of the court "because the same did not instruct the jury fully upon the law governing in this case, under the facts proved," is not entitled to consideration, because it is general and indefinite, not pointing out any error specifically.

**2.   Same.**—Bills of Exception when too indefinite to point out distinctly the matter complained of as error, will not bring such matter properly before this court for review.   A bill must be so certain and full in its statements that the errors complained of are made to appear by the allegations of the bill itself.

**3.   Same.**—The principal purpose of an exception to the charge of the court is to call the attention of the trial judge to the particular matter complained of, so that he may be afforded an opportunity to correct any error he may have fallen into, to the end that the rights of the defendant may not be prejudiced.   Another purpose is to enable this court to ascertain what error, if any, was committed, without an examination of other portions of the record.   A general exception to the charge does not accomplish these purposes.

**4.   Alibi—Charge of the Court.**—Where there is evidence tending to establish an *alibi*, the court should usually instruct the jury upon that issue.   But the omission to so instruct is not such error, ordinarily, as will cause a reversal of the conviction, unless the charge be excepted to because of such omission, or unless instructions upon the issue be requested by the defendant, and are refused.

**5.   Evidence—Defendant may Testify in His Own Behalf.**—By the Act of July 6, 1889, which took effect ninety days after the adjournment of the Legislature, a defendant in a criminal action is permitted to testify in his own behalf.   Whether or not the defendant will avail himself of the right to so testify is entirely discretionary with him.   He can not be compelled to so testify.

**6.   Same—Defendant's Failure to Testify.**—The failure of a defendant to testify in his own behalf shall not be taken as a circumstance against him, nor shall the same be alluded to or commented upon by counsel in the cause; and should counsel for the State allude to or comment upon such failure, such allusion or comment, if properly presented on appeal, will constitute reversible error.

**7.   Same—Impeachment of Defendant's Testimony.**—When a defendant testifies in his own behalf he occupies the position of any other witness, and may be cross-examined as to any matter pertinent to the issue, and can not refuse to testify to any facts which would be competent evidence in the case if proved by other witnesses, even though his answers might tend to criminate him.   He may be contradicted by proof of prior inconsistent statements, and this without previously questioning him as to such statements.   His general character for truth may be proved to be bad.   In short, he is subject to the same tests as other witnesses.

**8.   Same—Confessions to Impeach.**—A defendant who testifies in his own behalf may be impeached by confessions made by him, although such confessions were made under circumstances rendering the same inadmissible against him as inculpatory evidence.   See the opinion for a full discussion of the question.

**9.   Confession.**—See the opinion for a statement made by the defendant which did not come within the meaning of a confession.

### HURT, J., DISSENTING.

**10.   Evidence—Confession.**—The act which gives a defendant the right to testify in his own behalf does not repeal the law relating to confessions.   A confession made

by a defendant, and which is not competent criminating evidence against him, is not competent evidence for any purpose, and can not be used to impeach his testimony as a witness in his own behalf.

APPEAL from the District Court of El Paso. Tried below before Hon. T. A. Falvey.

The case is sufficiently stated in the opinion.

No brief for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was tried and convicted for bringing a stolen horse into this State, after having committed the theft of said horse in the Territory of New Mexico, and his punishment assessed at five years confinement in the penitentiary. From this conviction an appeal is prosecuted to this court.

There is a bill of exception reserved to the charge as an entirety, in which the only objection urged is thus stated: "Because the same did not instruct the jury fully upon the law governing in this case under the facts proved." The court's qualification of this bill of exception is thus stated: "When the charge was read to the jury, the defendant's attorney excepted to the charge without assigning any reason." We are not called upon to consider this exception. "Bills of exception when too indefinite to point out distinctly the matter complained of as error will not bring such matter properly before the court for review." Smith v. The State, 22 Texas Court Appeals, 316; Williams v. The State, Id., 497. The primary object or purpose of a bill of exception reserved to a charge of the court is to call the attention of the trial judge to the particular matter complained of, so that he may be afforded an opportunity to correct any error he may have fallen into, to the end that the rights of the defendant may not be prejudiced. A general exception does not accomplish this. Another reason why the bill of exception should point out specifically the errors complained of is, to enable this court to ascertain what error was committed without having to examine other portions of the record. This is not done by a general exception. The bill must be so certain and full in its statements that the errors complained of are made to appear by the allegations of the bill itself. Willson's Crim. Stats., sec. 2368. Tested by these rules, the bill is insufficient to bring before this court any supposed errors in the charge which are calculated to injure the rights of the defendant. Smith v. The State, 22 Texas Ct. App., 316; Mace v. The State, 9 Texas Ct. App., 110; Smith v. The State, 15 Texas Ct. App., 139; Lewis v. The State, 18 Texas Ct. App., 401. Viewing the entire

case and charge, as presented, we do not see that defendant was injured in any way by the court's charge.

In the motion for new trial it is alleged that error was committed by the court, in that the court failed to charge upon the law of *alibi*. There was some testimony going to show that defendant was at or near El Paso at the time of the commission of the theft, some miles away, in the Territory of New Mexico. Where the defendant relies upon evidence going to prove an *alibi*, the trial court should usually charge upon that theory. Such has been the decision of the law by this court in several cases. Deggs v. The State, 7 Texas Ct. App., 359; McGrew v. The State, 10 Texas Ct. App., 539; Long v. The State, 11 Texas Ct. App., 381; Granger v. The State, Id., 454; Ninnon v. The State, 17 Texas Ct. App., 650; Hunnicutt v. The State, 18 Texas Ct. App., 498. But the omission of the trial court to charge with reference to *alibi* is not such error as will, ordinarily, cause a reversal of the conviction, unless the charge be excepted to because of such omission, or unless special instruction upon that subject be requested and refused. Davis v. The State, 14 Texas Ct. App., 645; McAfee v. The State, 17 Texas Ct. App., 131; Clark v. The State, 18 Texas Ct. App., 467; Ayers v. The State, 21 Texas Ct. App., 399. "We are not aware of any statute or decision which requires the trial court to instruct the jury specially upon this defense, when not requested to do so. It is sufficiently embraced, we think, in the general charge that the defendant is presumed by the law to be innocent until his guilt is established by competent evidence beyond a reasonable doubt." Davis v. The State, 14 Texas Ct. App., 645. The court charged the jury that before they could convict defendant they must "believe from the evidence beyond a reasonable doubt that the defendant, in the Territory of New Mexico, on July 4, 1890, did then and there fraudulently take the horse mentioned in the indictment from the possession of J. H. Bailey, without his consent;" that Bailey was the owner of the horse, and that defendant took said horse with the intent at the time of the taking to deprive the owner of the value of the same, etc. The court further charged, in this connection, the law of circumstantial evidence fully and favorably to defendant. There was no error committed by the court in failing to charge upon the theory of *alibi*.

Defendant took the stand as a witness, and testified in his case that he had never had possession of the horse alleged in the indictment to have been stolen. The district attorney, on cross-examination of the defendant, asked him if he had not stated to the witness Bailey that he (defendant) had had possession of said horse, and that he had gotten same from another Mexican in El Paso County, near Mundy's Springs. Defendant replied that he had not so stated, whereupon Bailey was brought on the stand and testified that defendant had so stated to him in the presence of defendant's counsel. It is further shown that this

conversation occurred in jail, at El Paso, and that the witness Bailey went to see defendant at the request and in company with one McGinnis, defendant's counsel, and the conversation occurred during that visit. The court, in qualifying the bill of exception, says that "defendant, by his attorney, objected on the ground that defendant was in jail at the time." The court admitted the testimony, holding that when defendant made a witness of himself the same rules were open to the State to impeach his testimony as any other witness. There were other objections that will be noticed further on. In this holding the court committed no error. Whether defendant was in jail or not is not material. This question to some extent involves a construction of the Act of 1889, which provides "that exception four (4) to article 730, chapter 7, title 8, of the Code of Criminal Procedure of the State of Texas, be and the same is hereby repealed, and that hereafter any defendant in a criminal action shall be permitted to testify in his own behalf therein, but a failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause; provided, that where there are two or more persons jointly charged or indicted, and a severance is had, the privilege of testifying shall be extended only to the person on trial." "Section 2. Whereas the law as it now exists prohibits defendants in criminal actions from testifying therein, thereby often suppressing a knowledge of all the facts in the cause; therefore an imperative public necessity and emergency exists requiring that the constitutional rule which requires all bills to be read on three several days be suspended, and that this act take effect from its passage, and it is so enacted." Acts 1889, p. 3. The requisite number of votes failed to carry the emergency clause, and it became a law ninety days after the adjournment of the Legislature.

Some phases of this law have already been passed upon by this court, but the question as to the extent of the cross-examination, etc., of the defendant, as a witness, has not been before the court prior to this time. This is the question at issue under appellant's bill of exception. By the repeal of section 4 of article 730 of the Code of Criminal Procedure, and the provisions of the Act of 1889, a defendant has the right or privilege of testifying in his own case. When he takes the stand as a witness, he, for the time being, to some extent at least, loses his identity as a defendant, and becomes a witness in the case. He is not compelled to testify, and his failure to do so can not be urged against him, and counsel are prohibited from alluding to such failure on his part to testify. Should State's counsel so far forget the provisions of this law as to allude to or comment on the defendant's failure to testify in his own behalf, that matter will constitute reversible error. Hunt v. The State, 28 Texas Ct. App., 149. The act leaves it discretionary with the defendant on trial whether he will or will not become a witness, and it forbids

his being compelled to do so against his consent. Such is the construction given kindred legislation in every State in the Federal Union where defendants have the privilege of testifying in their cases when charged with crime. The following and other States have at one time or another adopted statutes essentially like the act of 1889 above quoted, to-wit: Nevada, New York, California, Massachusetts, Indiana, Connecticut, New Hampshire, and Tennessee. In all of these States the decisions are practically harmonious to the extent of holding that when a defendant at his own option, under such a law as the Act of 1889, becomes a witness, he occupies the position of any other witness; is liable to be cross-examined as to any matter pertinent to the issue; may be contradicted and impeached as any other witness; and is to be subjected to the same tests. The State v. Clinton, 67 Mo., 380, *et seq.* See the authorities collated in this case. The State v. Cox, 67 Mo., 392; The State v. Rugan, 68 Mo., 214; Peck v. The State, 6 S. W. Rep., 389, a Tennessee case; McDonald v. Com., 4 S. W. Rep., 687, a Kentucky case; The State v. Buella, 1 S. W. Rep., 764, a Missouri case; Whart. Crim. Ev., 9 ed., pp. 429, 431, 433. See authorities collated in Peck v. The State, 6 S. W. Rep., 391, 392. In the last cited case we find this language: "It is earnestly insisted that such ruling operates to destroy the elementary principles of law; that the State can not go into proof of the general character of the accused until he first opens the door. The contention is not logical; the general rule remains unaffected. The accused is still safe from such an attack as long as he remains the accused only; but when he voluntarily places himself upon the stand he assumes the character of a witness, and as such must expose himself to be attacked to the same extent as other witnesses. Surely the courts would be slow to place a construction upon an act of the Legislature (if there were room for construction) that would allow a witness to be sworn and give his testimony against that of a good and true man, when the State's attorney knows and is ready to prove him wholly devoid of moral sense and utterly unworthy of belief, and at the same time prevent the State from showing the character of the witness as affecting his credit. Under this act a man repeatedly convicted of the crime of perjury can go before the jury, in a community where he is unknown, and with a good manner and fair exterior give evidence in his own behalf, and the State remain powerless to impeach him, if the position contended for were tenable. Prior conviction of an infamous crime does not incapacitate him as a witness." Peck v. The State, 6 S. W. Rep., 390, 391; Newman v. People, 63 Barb., 630; Williams v. The State, 28 Texas Ct. App., 301; Shannon v. The State, Id., 474. "A defendant, when a witness, may be contradicted as to matters material to the issue, but not as to matters collateral. So, as we have seen, he may be contradicted by proof of prior inconsistent statements, and this without previously questioning him as to such statements." Wharton's Crim. Ev., 9 ed.,

p. 433, and notes thereto. "But if he puts himself on the stand as a witness in his own behalf, and testifies that he did not commit the crime imputed to him, he thereby waives the constitutional privilege and renders himself liable to be cross-examined upon all the facts relevant and material to that issue, and can not refuse to testify to any facts which would be competent evidence in the case if proved by other witnesses." 4 Crim. Law Mag., 336; Commonwealth v. Lannan, 13 Allen, 363; Commonwealth v. Muller, 97 Mass., 545.

"The object of these statutes is not to protect criminals, but to promote the discovery of truth, so far as it can be done without infringing the constitutional rights of the subject. If the accused chooses not to be a witness, he can not be compelled to testify, and no inference prejudicial to him is to be drawn from his silence." '4 Crim. Law Mag., 336; Commonwealth v. Harland, 110 Mass., 411. "When a party chooses to take the stand as a witness in his own behalf, it is not only proper, but may become the duty of the court, to interrogate him as fully as may be needful to test the truth of his direct evidence or testimony." Gill v. People, 5 Tomp. & C., N. Y., 308; The State v. Ober, 52 N. H., 459. "Where a party is both witness and defendant, he must be held as waiving the privilege as to any matter about which he has testified in chief. Having testified to a part of the transaction in which he is involved, he may be compelled to state the whole truth." Roddy v. Finegan, 45 Md., 490.

It will be seen, then, that when a defendant assumes the role and character of a witness, he is subject to all the tests and rules applicable to other witnesses, even to the answering of questions that would tend to criminate him. "Being sworn to tell the truth, the whole truth, and nothing but the truth, he waived all right to keep anything back, even in the case of questions the answers to which would tend to criminate himself." Commonwealth v. Tolliver, 119 Mass., 315; Commonwealth v. Lannon, 13 Allen, 563; Commonwealth v. Muller, 97 Mass., 545; Commonwealth v. Bonner, 97 Mass., 587; Commonwealth v. Nichols, 114 Mass., 285. "He may be examined as to conflicting statements made by him, like any other witness, as to the transactions involved in his evidence. The inquiry may be gone into as a means of his impeachment as a witness." Commonwealth v. Tolliver, 119 Mass., 315, 316; Commonwealth v. Stickney, 14 Allen, 255.

Defendant had testified that he had no connection with or possession of the horse in question in El Paso County. To impeach him, and to show his contradictory statement, Bailey was permitted to testify that defendant told him, while in jail, that he (defendant) had had possession of the horse in El Paso County, and had received same from another Mexican. This was proper and legitimate, and the court committed no error in overruling the objections thereto.

It was urged as an objection that said statement of defendant to Bailey "was a confession made while in jail, without being warned, and was evidently made in the hope of immunity, and because it was not competent to impeach defendant by statements so made by him while in jail." Two of the grounds of objection have been already disposed of. That he expected immunity does not affect the admissibility of, but might affect the weight to be attached to, the evidence. 4 Crim. Law Mag., 331, 332, and authorities there cited. That it may have been a confession would not constitute a reason why he should not so testify. Authorities already cited. This position is not in conflict with the provisions of the terms of article 750 of the Code of Criminal Procedure with reference to the confessions of a defendant under arrest. It is expressly provided by the Code of Criminal Procedure that a "defendant to a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case." Willson's Crim. Stats., sec. 1469. The provisions of article 750 can be waived by a defendant by his not urging the same, when the confessions are sought through the mouths of other witnesses than himself. They may testify to these interdicted confessions, and he can not be heard to complain unless he urge his objections. Certainly, if he go upon the stand himself as a witness and testify as to matters contradictory of his statements while under arrest, the statements made by him while so under arrest can be used to impeach him. It is not intended here to pass on the question of the admissibility of his confessions or statements when sought to be used as original evidence against him. That question is not involved in the matters now before us. When defendant went upon the stand as a witness he waived his attitude and position in the case as a defendant and assumed that of the witness, and having done so, must abide the consequences of his election.

But the statement made to Bailey by defendant was not a confession. It did not admit his guilt of the offense charged. If it had been original testimony used against him, it would have been the account given by him of his possession of property recently stolen, provided the other concomitants were present to authorize its admission as such account. But in this case it admitted no guilty possession, but expressly excluded that idea. The crime is charged to have been committed partly in New Mexico and partly in Texas. The statement of defendant to Bailey excluded the idea that the defendant ever had any connection with the horse in New Mexico. His statement was that he received the horse from another Mexican, in Texas, at Mundy's Springs. It was held by this court, in Willard's case, that an offer by the defendant to pay for the cow with which he stood charged with or was accused of stealing, was not a confession, and could not be even regarded as a circumstance tending to establish defendant's guilt of the theft. Willard v. The State, 26 Texas Ct. App., 126. See also

Eckert v. The State, 9 Texas Ct. App., 105; Weathersby v. The State, *ante*, 278.   Instead of being an admission or confession of guilt, the statement of the defendant was a denial of that fact.   If he received the horse from another Mexican, in El Paso County, he could not have been guilty of theft of the horse in New Mexico, even if he knew that the horse was stolen when he received it.   If he received the horse from the other Mexican innocently, in that case he could not be guilty of any offense.

As presented to us, we find no error requiring a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Hurt, J., dissents upon the ground that the act giving the defendant the right to testify in his own case does not repeal the law excluding defendant's confession, and that the confession can not be used for any purpose.   The authorities cited are not applicable, because in those States there are no statutes similar to article 750 of the Code of Criminal Procedure of Texas, or if they had such statutes the question was not raised in the cases cited.