1. CRIMINAL LAW (§ 1122*) — APPEAL — INSTRUCTIONS—ABSENCE OF EVIDENCE.

Without a statement of facts containing the evidence, the Court of Criminal Appeals cannot review an objection to the charge that it failed to apply the law of aggravated assault and battery, alleged to have been raised by the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2940–2945; Dec. Dig. § 1122.*]

2. HOMICIDE (§ 307*)—ASSAULT TO MURDER—INSTRUCTIONS—DEGREES OF MURDER.

Where the court defined malice aforethought, and accused was convicted of assault with intent to murder, an objection that the charge did not define murder in the second degree was not sustainable; it not being usually necessary, in a prosecution for assault with intent to murder, to distinguish between the degrees of murder in the charge.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 638–641; Dec. Dig. § 307.*]

3. HOMICIDE (§ 286*) — MURDER — MALICE AFORETHOUGHT.

In a prosecution for murder of either degree, a general definition of malice aforethought is usually sufficient.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 586–591; Dec. Dig. § 286.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Bird Simmons was convicted of assault with intent to murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

---

## WOOLDRIDGE v. STATE.

(Court of Criminal Appeals of Texas.   April 17, 1912.)

1. CRIMINAL LAW (§ 1043*) — APPEAL — INSTRUCTIONS—OBJECTIONS.

An objection that the court erred in the following paragraph of his general charge, followed by a paragraph of the charge, without attempting to point out any error, was too general.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2654, 2655; Dec. Dig. § 1043.*]

2. CRIMINAL LAW (§ 1064*) — MOTION FOR NEW TRIAL—GROUNDS.

Where a motion for a new trial complained that the court erred in refusing to give defendant's special charge No. 1, but the charge requested was not set out in the motion, and no reason stated why the charge should have been given, it was insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2676–2684; Dec. Dig. § 1064.*]

3. SEDUCTION (§ 45*)—EVIDENCE.

Evidence held to sustain a conviction of seduction.

[Ed. Note.—For other cases, see Seduction, Cent. Dig. §§ 80–82; Dec. Dig. § 45.*]

4. CRIMINAL LAW (§ 1159*) — APPEAL — REVIEW OF EVIDENCE.

Where no error is pointed out in a motion for a new trial, a conviction will not be disturbed for want of sufficient evidence, unless there is a total lack of evidence, or it is so improbable that no unbiased person would be justified in arriving at the conclusion that defendant was guilty of the offense charged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Good Wooldridge was convicted of seduction, and he appeals. Affirmed.

See, also, 135 S. W. 124.

T. C. Wilkinson, of Brownwood, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted, tried, and convicted of the offense of seduction, and his punishment assessed at two years' confinement in the penitentiary.

[1] 1. There are no bills of exception in the record, and the complaints of the charge of the court are too general to be considered; the objections being as follows, "Because the court erred in the following paragraph of his general charge," and then follows a paragraph of the charge. It is not attempted to point out any error in the paragraph, if error there be. This has been held to be too general to be considered on appeal, and that in the motion for new trial the error must be specifically pointed out. Quantana v. State, 29 Tex. App. 401, 16 S. W. 258, 25 Am. St. Rep. 730; Ryan v. State, 142 S. W. 878; Berg v. State, 142 S. W. 884. All the complaints of the charge are in the same general terms, and point out no error.

[2] 2. The complaint of the failure of the court to give special charges requested is as follows, "Because the court erred in refusing to give defendant's special charge No. 1," etc. The charge requested is not set out in the motion, and no reason stated why it should have been given. These grounds did not call the trial court's attention to any error, if error be committed. A motion for a new trial is to call the trial judge's attention specifically to what is claimed to be an error, that he may grant a new trial, if error there be, and not necessitate an appeal. As presented in the motion, those grounds cannot be considered. Ryan v. State, supra, and other authorities above cited.

[3] 3. This leaves, as the only grounds in the motion that we can consider, those relating to the insufficiency of the evidence to sustain the conviction. The mother of the prosecuting witness corroborates her as to the promise of marriage; she stating that defendant asked her if she would give him Lena. She is also corroborated in this by her brother, Austin Roomsberg. Mrs. Roomsberg also testified that after her daughter gave birth to a baby defendant was at her home talking to her daughter, when she (Mrs. Roomsberg) walked in where they were, and said: "Good, look at the baby; it looks like you, and you know that it is yours." To which he replied, "I guess it is." This would also corroborate the prosecuting witness as to the act or acts of intercourse. The testimony offered by defendant would all tend to show that the prosecuting witness was not a chaste girl. There was evidence offered on behalf of the state that she was virtuous, in addition to her testimony, and the court in his charge fairly submitted this issue, telling the jury: "If from the evidence you believe that defendant and Lena Roomsberg did have carnal intercourse with each other, as charged, and that said female yielded to such intercourse on account of defendant's promise to marry her, yet if you believe from the evidence, or if you have a reasonable doubt as to whether or not, prior to such alleged intercourse, she had had carnal intercourse with any other man or boy, or if you have a reasonable doubt as to whether or not said Lena Roomsberg had had such intercourse with any other man or boy, you will acquit defendant."

[4] It is true that the evidence would show that defendant and the prosecuting witness had been acquainted but a short time prior to the time she says they became engaged to be married, and he had been with her but a few times prior to the time she says the first act of intercourse took place, but these were facts and circumstances to be considered by the jury; and, where the evidence offered on behalf of the state, if true, would support the verdict, and the jury finds by their verdict it to be true, we do not feel authorized to set the judgment aside. The law requires a jury to pass on the guilt of a person in a felony case, and makes it the judge of the credibility of the witnesses and the weight to be given the testimony. The judge is to instruct them as to the law governing, and we are to pass upon whether or not the court committed error in admitting or rejecting testimony, or in applying the law to the case in his charge; and, if no error is pointed out in the motion for a new trial, we will not disturb the verdict, unless there is a total lack of evidence, or the evidence is so improbable that no unbiased person would be justified in arriving at the conclusion that one is guilty of the offense charged.

The judgment is affirmed.