## SUPREME COURT.

### THE PEOPLE agt. WILKES.

A defendant can not be legally tried upon an indictment for any offence *in his absence*, unless he has unequivocally waived his right to be present and *distinctly and expressly* authorized or substituted an attorney to appear for him.

No *general* authority of attorney or counsel will authorize an appearance on such a trial. It is otherwise in civil actions.

*Dutchess Oyer and Terminer*, Oct. 1850. Motion for new trial on the ground that defendant was irregularly tried in his absence.

T. C. CAMPBELL, *Dist. Att'y for People.*

J. VAN BUREN, J. SMITH and Mr. SICKLES, *for Defendant.*

14

By the Court, BARCULO, Justice.—The affidavits show that the defendant was indicted in March last for publishing a libel upon Mr. Jordan late attorney general of the state; that he appeared and put in a plea of not guilty, by Mr. Dean his attorney, of this county; that Mr. Dean was employed to watch and attend to the cause, and was present and assented to its being set down for the day on which it was tried. It further appears that the defendant had employed counsel in the city of New York to attend the trial, and that such counsel was prevented from attending by sickness, and that the counsel here was not put into possession of the information and means necessary to a defence.

The cause was brought to trial on the 24th September, in the absence of the defendant. Mr. Dean appeared for the defence and requested a postponement, but was not possessed of any affidavits to ground a motion upon. The cause therefore proceeded, and after the evidence had been given and the cause summed up by the respective counsel, the jury rendered a verdict of guilty. The defendant now swears that Mr. Dean was not authorized to appear for him on the trial *in his absence.*

I am entirely satisfied that Mr. Dean was employed by the defendant as his attorney and counsel in the cause generally; and that he was authorized to do all that he could fairly do to defend his client. No blame is, or can be, properly, attached to him for assuming any powers not delegated to him. I am also satisfied that no sufficient reason was shown to the court to postpone the trial of the cause, and that it was fairly and regularly conducted in all respects if the defendant was legally present. If, therefore, the case had been a civil one, or one in which the appearance of an ordinary attorney would suffice, there could be no plausible pretext assigned for disturbing the verdict.

But I am not satisfied that the statute has been complied with. On the contrary, the question not having been raised or suggested on the trial, its precise terms were overlooked. It was assumed that a defendant indicted for a misdemeanor would appear by attorney, and that the attorney present had the legal authority. Common practice sanctioned the assumption.

'The Revised Statutes, however, have changed the rule of the common law, which seemed to authorize the trial of the defendant in his absence, *if he had once appeared* (4 *Black.* 375). Our statute provides (2 *R. S.* 734, § 13), that no person indicted for any offence can be tried unless he be present either personally or by his attorney *duly authorized for that purpose.* This act is broad and explicit. It intends that the defendant shall be present, and not be tried in his absence, unless he elects to substitute some attorney, expressly, to appear for him. The provision is not satisfied with an *implied* authority. It requires something more than a general attorney in the cause. It is no part of the general or implied duty of an attorney to appear in the absence of the defendant on his trial. There must be a distinct and express authority over and above any general authority as attorney or counsel in the cause; there must be an *unequivocal* waiver of his right to be present on his trial before the defendant can legally be tried in his absence. Nothing short of this will satisfy the words " *duly authorized for that purpose.*" No such authority existed in the present case. The verdict must, therefore, be set aside and a new trial ordered.

