## THE PEOPLE OF THE STATE OF NEW YORK *v.* JOHN PETRY AND WILLIAM MULLIGAN.

A judgment entered with the county clerk, upon a forfeited recognizance, becomes subject to the jurisdiction and control of this court to the same extent as if it had been docketed in it.

In addition, the court has the discretionary power to remit the forfeiture in whole or in part, or to discharge the recognizance upon such terms as appear just and reasonable.

In the exercise of this discretion, the court will look into the proceedings at the time the forfeiture was declared, to ascertain whether the party was fairly entitled to a postponement of the trial; but, *it seems,* this will not be done until he has submitted himself to trial and judgment upon the indictment against him.

In criminal cases, it is at all times discretionary with the court whether it will proceed or not in the absence of the defendant, and if he is called at any stage of the trial, and fails to appear and answer, his recognizance may be declared forfeited.

*It seems,* that no person indicted for any offence can be tried unless he be present in person, or by an attorney acting under a distinct and express authority given for the purpose.

Upon applications for a remission of a forfeited recognizance, it should appear that the bail has in no way connived at the escape of the party indicted, and also that reasonable efforts have been made to apprehend and surrender him.

When this is not shown, the application will be denied.

AT SPECIAL TERM, *July* 30, 1858.

Motion to vacate a judgment entered upon a forfeited recognizance, and to remit the forfeiture. The grounds upon which the application was based, fully appear in the opinion.

*James M. Smith, jr., and Theodore E. Tomlinson*, for the motion.

*John Sedgwick, assistant district attorney,* opposed.

HILTON, J.—The defendant Mulligan was indicted by the grand jury of this county for an assault and battery on Hiram A. Webb. He appeared before the recorder, and, with the defendant Petry as surety, entered into a recognizance in the sum of $1,000, conditioned that he should personally appear and answer to the indictment, and abide the order of the Court of General Sessions of the Peace, and not depart therefrom without leave. The trial was ordered to take place on the 9th of July, instant, when he appeared with his counsel, and presented to the court affidavits to the effect that material witnesses for his defence were absent, and that without them he could not safely proceed to trial. The recorder, however, directed the case to proceed, and a jury was impanneled; but before the trial actually commenced Mulligan left the court without leave, and upon being called, failed to appear or answer, and the recognizance was thereupon declared forfeited. Judgment having been entered upon this forfeiture, and docketed with the county clerk, it became subject to the jurisdiction and control of this court in the same manner as other judgments, and as if it had been docketed in the court. Laws of 1845, ch. 229, p. 250. And, in addition, the power is conferred upon us (Laws of 1818, p. 307; Laws of 1854, ch. 198, p. 464, § 6,) to remit all or any part of such forfeiture, or to discharge such recognizance upon such terms as shall appear just and reasonable.

The defendants apply to have this judgment vacated, and the forfeiture remitted, upon the following grounds:

1st. That, upon the affidavits presented, the Court of Sessions should have postponed the trial, and ought not to have ordered it to proceed in the absence of material witnesses for the defence.

2d. That, Mulligan's attorney having appeared for him, it was not necessary, nor was he bound, to be present in person, and for this reason the court erred in directing the recognizance to be forfeited.

3d. That the surety, by producing the defendant Mulligan in court at the time the trial was ordered to proceed, became discharged from all liability upon the recognizance.

Under the wide jurisdiction and discretion conferred upon us, in respect to judgments of this nature, there cannot be much doubt that we may look into the proceedings, and the affidavits used upon the motion on the part of the defendant, to postpone the trial, to ascertain whether the facts shown were such as fairly entitled him to such postponement; but there is a manifest impropriety in our doing so before the defendant has appeared and submitted himself to trial and judgment upon the indictment. At present I decline to do so in this case.

The counsel is mistaken in supposing that, upon the trial of an indictment for a misdemeanor, the defendant has the option to attend or not, as he may choose. It is true, that, at common law, the trial might proceed in his absence, provided he had once appeared; (4 Black. Com. 368); but our statutes (2 R. S. 734, § 13) provide that no person, indicted for any offence, can be tried unless he be present, either personally, or by his attorney *duly authorized for that purpose.* And in the case of *The People* v. *Wilkes* (5 Howard P. R. 104,) it was held that the general authority of an attorney or counsel in the cause was not sufficient. There must be a distinct and express authority given for the purpose, and an unequivocal waiver of the defendant's right to be present, before the trial can proceed. But, apart from this, in criminal cases it is at all times discretionary with the court whether it will proceed or not in the absence of the defendant, and if he is called at any stage of the trial, and fails to appear and answer, his recognizance may be forfeited. 2 Bennett & Hurd's Crim. Cases, 454.

In respect to the third ground, it is sufficient to say, that the recognizance was upon condition that Mulligan should personally appear to answer the indictment " and abide the order of the court, *and not depart therefrom without leave,*" thus providing against the very contingency which happened in this case.

Finally, as a general rule, applications of this nature should

not receive any favor at the hands of the court, unless it is made to appear that the surety or bail has in no way connived at or consented to the escape, and, in addition, that every reasonable effort has been made to apprehend the principal, and surrender him up for trial. This, it seems, is in the power of the defendant Petry at any time to do, as the affidavits read by the district attorney show that Mulligan is now living at Hoboken in New Jersey, liable at any moment to be seized by his bail and brought to this city.

For these reasons the motion is denied.