Johnson, J.
The order appealed from denies the defendant’s application for a mandamus to compel the sealing of a proposed bill of exceptions relating to the trial of the defendant for a felony, of which he was found guilty by the verdict of the jury.
The sole ground on which the mandamus was denied is, that after the defendant was found guilty, and before sentence, he escaped out of custody and still remains at large. We think it essential to any step, on behalf of a person charged with felony after indictment found, that he should be in custody ; either actual, by being confined in jail, or constructive by being let to bail.
The whole theory of criminal proceedings is based upon the idea of the defendant being in the power, and under the control of the court, in his person. While the Constitution and the statute provide him with counsel, and the statutes give the right of appearance by attorney in civil eases, they are silent in respect to the representation of persons charged with felony by means of an attorney, and in regard to those charged with lesser offences, the statutes permit them to be tried in their absence from court, only on the appearance of an attorney duly authorized for that purpose. This authority it has been held must be special, and distinctly authorize the proceedings. (People v. Petry, 2 Hilt., 525; People v. Wilkes, 5 How. Pr., 105.) Even in the absence of statutory regulations this rule has been enforced in the courts of the *82 United States. (United States v. Mayo, 1 Curtis’ C. C.,433.) In criminal cases there is no equivalent to the technical appearance by attorney of defendant in civil cases, except the being in actual or constructive custody. When a person charged with felony has escaped out of custody, no order or judgment, if any should be made, can be enforced against him; and courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of the person charged with crime. The fact that, in this State, the law allows proceedings on writs of error without requiring the actual presence of the criminal in court, does not at all conflict with the view that steps will not be allowed to be taken on his behalf, when he is no longer in custody or on bail, but has fled from the custody of the law. His presence in court is necessary when 'he is to be tried, or when some sentence or judgment involving his corporal punishment is to be pronounced. His being in custody is necessary to any step for or against him, except such as may be taken to bring him again into custody. All the cases which consider the question, seem to concur in the view that an escaped prisoner cannot take any action before the court. (Commonwealth v. Andrews, 97 Mass., 545 ; Reg. v. Caudwell, 17 Q. B., 503; Shearman v. Commonwealth, 14 Gratt., 677; Leftwich v. The Same, 20 id., 716; Anon., 31 Maine, 592.) In analogy to these cases, while proceedings of outlawery were, under former laws, the consequence of a defendant criminal not appearing in person, he could only have a writ of error to reverse those proceedings on rendering himself into custody and coming in person to the bar to pray that the writ should be allowed to him. (1 Chitty Or. Law, 369; 1 B. L., 167, § 9.) The provisions of the statutes, giving to defendants in criminal cases the right to make a bill of exceptions, are not so absolute as to displace all the other principles which belong to criminal proceedings, but must be taken in subordination to them.
We think they do not require the courts to encourage escapes and facilitate the evasion of the justice of the State, *83 by extending to escaped convicts the means of reviewing their convictions.
The order should be affirmed.
All concur.
Order affirmed.