THE PEOPLE OF THE STATE OF NEW YORK *against* LAWRENCE
CARY, Principal, and SILAS W. MARSTERS, Surety.

(Decided April 3d, 1876.)

Where an application is made to discharge a judgment entered on a forfeited re-
cognizance, on the ground that after the forfeiture of the recognizance the pris-
oner had been surrendered by his surety and a *nolle prosequi* entered, it should
be conclusively shown that the failure to try the prisoner was not caused by
the absence of witnesses, or by reason of any circumstance traceable to the lapse
of time between the date of the forfeiture of the recognizance and the date of
the surrender of the prisoner.

Where this is attempted to be shown, it should be made to appear to the court
that the prosecutor, or the witnesses for the people, had notice of the subsequent
arraignment and proceedings in court, when the *nolle prosequi* was entered.  A
copy of the evidence upon which the indictment was found, should be produced
to the court, and the principal witness or witnesses for the people, or the com-
plainant at least, should be examined as to whether they or he were subpœnaed
to appear in court when the prisoner was arraigned.

Where no indictment was found against the prisoner at the term of court at which
the recognizance bound him to appear, nor until the third term of court after
the recognizance was taken, and the prisoner and his bail had no knowledge of
the finding of the indictment until after the recognizance had been forfeited,
and immediately thereafter the prisoner was produced and surrendered by his
bail, and owing to the weakness of the case against him the district attorney
entered a *nolle prosequi* in his case, and it appeared that the people were in as
good a position to prosecute when the prisoner was subsequently arraigned, as
at first: *Held*, that a proper case was made out for discharging the judgment
entered on the forfeited recognizance.

APPLICATION to discharge a judgment entered on a forfeited
recognizance.

The first application was denied, and the following opinion
delivered on November 5th, 1875.

JOSEPH F. DALY, J.—The recognizance was forfeited on
May 19, 1874; the prisoner was surrendered by his surety Sep-
tember 30, 1875 ; a *nolle prosequi* was entered on October 4,
1875.   It should be conclusively shown that the failure to try
the prisoner was not caused by the absence of witnesses, or by

reason of any circumstance traceable to the lapse of time between the date of forfeiture of the recognizance and the date of surrender of the prisoner. The papers on this application do not show why the *nolle prosequi* was entered. It frequently happens that by forfeiting his bail and failing to appear for trial when first called, and by suffering a long time to elapse before the prisoner is surrendered, the latter gains some benefit by the disappearance of witnesses, unwillingness of the prosecutor to appear, compromise, &c., and justice is defrauded. Where this appears, or there is ground to suspect such a state of things, the discharge of the prisoner, even after trial, is no ground for relieving the surety from his default. The rule is strictly observed by this court in all cases.

Application denied, with leave to renew on additional proofs.

CHARLES P. DALY, Ch. J., concurred.

Subsequently, and on November 19th, 1875, a further application was made to discharge the judgment, and the following opinion was delivered on December 6th, 1875.

JOSEPH F. DALY, J.—Where it is attempted to be shown that the people have not suffered by the delay intervening between the failure of the prisoner to appear when called for trial and his subsequent surrender by his bail, it should be made to appear to the court that the prosecutor, or the witnesses for the people, had notice of the subsequent arraignment and proceedings in court when the *nolle prosequi* was entered, or the prisoner acquitted for want of proof. A copy of the evidence upon which the indictment was found should be produced to the court, and the principal witness or witnesses for the people, or the complainant, at least, should be examined as to whether they or he were subpœnaed to appear in court where the prisoner was arraigned. The certificate of the district attorney that the prosecution has not suffered by the delay, was disregarded in the case of *The People* v. *Coman* (5 Daly, 527). It is at best the expression of an opinion, and this court in the exercise of the

important and delicate functions conferred by statute, will require proof of the facts.

Application on proofs furnished denied.

CHARLES P. DALY, Ch. J., concurred.

Subsequently, and in March, 1876, a further application was made to discharge the judgment, and the following opinion was delivered on April 3d, 1876.

JOSEPH F. DALY, J.—The fact that no indictment was found against the prisoner at the term of court at which the recognizance bound him to appear, does not entitle him, as matter of course, to his discharge. He must get an order of the court discharging him, which the court is bound to grant, unless satisfactory cause be shown for detaining him in custody, or upon bail, until the next grand jury (2 R. S. 759, § 26, art. 2, tit. 1, ch. 3; Laws 1847, ch. 460; *Champlain* v. *People*, 2 N. Y. 82). But without such order his surety remains liable until some direction of the court in the premises.

Yet the circumstance that no indictment was found at the term mentioned in the recognizance, nor until the third term of the court after the recognizance was taken, and that the prisoner and surety had no knowledge of such indictment until the bail was forfeited, coupled with the fact that the prisoner was immediately thereafter produced and surrendered for trial by his bail, and that, owing to the weakness of the case against him, the district attorney entered a *nolle prosequi* in his case, affords good ground for relief from the judgment on the forfeited recognizance. It appears that the people were in as good position to try the prisoner when subsequently arraigned, as at first, that no witnesses or proofs against him had disappeared, that it was exceedingly doubtful if he had received the stolen goods, knowing them to be stolen, that the thieves had been convicted, and, in the absence of any proof or suspicion of collusion, the application should be granted, as by the entry of the *nolle prosequi* the bail can take no further steps to satisfy the law. Surety to pay costs and sheriff's fees, if any.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.