THE PEOPLE OF THE STATE OF NEW YORK *against* THOMAS C. FIELDS, Principal, and WILLIAM H. FLORENCE AND OTHERS, Sureties.

(Decided April 3d, 1876.)

An application to this court to discharge a judgment entered on a forfeited recognizance made before the prisoner is produced, stands his trial, and is either convicted or acquitted, or procures a *nolle prosequi* to be entered, is premature and will not be considered.

The People of the State have a substantial right to the enforcement of such judgments, and they will not be discharged merely on account of the hardships imposed on the surety on account thereof, where the prisoner is at liberty and a fugitive from justice.

APPLICATION by the surety Florence to have discharged a judgment entered on a forfeited recognizance.

JOSEPH F. DALY, J.—The papers submitted by the surety Wm. H. Florence, upon this application, disclose a very hard case, but no reason for discharging the judgment entered against him upon his recognizance. We have repeatedly held since *People* v. *Coman* (5 Daly, 527) that such an application as this is premature before the prisoner is produced, stands trial, and is either convicted or acquitted, or procures a *nolle prosequi* to be entered.

The magnitude of the obligations which the surety has incurred in other prosecutions of the prisoner, freedom from complicity in his flight, vain efforts to find and rearrest him, do not affect the right of the People to enforce the judgment entered upon the recognizance. The prisoner is now at liberty as a fugitive, defying the laws, because the surety intervened to relieve him from imprisonment pending the trial ; and the surety has no one but himself to blame if his confidence was misplaced. This is not a question of sympathy, but of substantial right, and the motion should be denied.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Application denied.