## PEOPLE *v.* KURTZ *et al.*

(*Common Pleas of New York City and County, General Term.* May 7, 1890.)

1. BAIL—FORFEITED RECOGNIZANCE—VACATION OF JUDGMENT.
   A judgment entered on a forfeited recognizance will not be vacated when the papers fail to show that the principal has either surrendered himself, or been surrendered by his surety, or that the surety has made diligent efforts to secure and surrender the principal.

2. SAME—NOTICE TO SURETY.
   The fact that the surety had no notice to produce his principal on the day when the recognizance was forfeited is immaterial, because a party, under recognizance, may be called on any day during the continuance of the court.

Application to discharge a judgment on a forfeited recognizance.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*J. R. Fellows*, Dist. Atty., for the People. *I. N. Miller*, for defendant surety.

PER CURIAM. The principal was indicted on the 25th of October, 1888, for the crime of grand larceny, and for criminally receiving stolen property. He was arrested and on the 23d of November, 1888, he, together with the surety, entered into a recognizance in the sum of $1,500 for his appearance to answer the indictment. The case was on the calendar of the court of general sessions on the 11th of April, 1889, when the principal failed to appear, and the surety did not produce him according to the terms of the recognizance, which was thereupon forfeited, and afterwards judgment duly entered upon such forfeiture. The papers submitted fail to show that the principal has either surrendered himself or been surrendered by his surety, or that the surety has made diligent efforts to secure the principal and surrender him. Under such circumstances, an application to discharge a judgment entered upon a forfeited recognizance, made before the prisoner is produced or tried, or a *nolle prosequi* entered, is premature, and cannot be considered. *People* v. *Fields*, 6 Daly, 410. *People* v. *Deery*, Id. 493. It is also required by law that, upon a motion to vacate and set aside a judgment on a forfeited recognizance, the certificate of the district attorney that the people have lost no rights by reason of the failure of the surety to produce the principal in compliance with the terms of the recognizance given by them, and also a certificate of the sheriff that all fees and charges have been paid, must be annexed to the application. Sections 1482, 1483, c. 410, Laws 1882. The applicant has failed to present such certificates. The fact that the surety had no notice to produce his principal on the day when the recognizance was forfeited cannot avail, because a party under recognizance may be called on any day during the continuance of the court. *People* v. *Blankman*, 17 Wend. 252. The application should therefore be denied, with $10 costs.