(100 App. Div. 436)

### PEOPLE v. NEWMAN.

(Supreme Court, Appellate Division, First Department. January 20, 1905.)

1. RECOGNIZANCES—SURETY—LIABILITY.

    The surety on an undertaking that the principal should personally appear during an examination for an alleged criminal offense "on each and every day to which the examination may be adjourned, until the same is fully completed," is not excused for failure to produce the principal at an adjourned hearing after the magistrate had ordered the principal to furnish surety in a larger sum for a further examination, but which he failed to do, and was permitted to leave the court without having furnished it.

Appeal from Special Term, New York County.

Emil Schaeffer, being charged with crime, entered into a recognizance, with Adolph Newman as surety, for his appearance at the examination. From the judgment on a forfeiture of the recognizance for failure of the principal to appear, the surety appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, and LAUGHLIN, JJ.

A. Steckler, for appellant.

R. A. Taylor, for the People.

PATTERSON, J. This appeal is from an order made at Special Term denying a motion to vacate a judgment entered against the appellant, Adolph Newman, upon a forfeited recognizance. It appears in the moving papers that the judgment was entered on the 29th day of January, 1904, against the appellant, Newman, as surety, and one Emil Schaeffer, as principal, and that it was upon an undertaking executed by the defendants for the appearance of Emil Schaeffer (principal) in the Fourth District City Magistrate's Court of the City of New York, First Division, for examination upon a charge of violation of section 303 of the Penal Code. Upon the arrest of Schaeffer, a magistrate of the city of New York fixed bail for examination on the charge. The undertaking was executed, and the examination was adjourned until the 22d day of January, 1904, at 2 o'clock. The undertaking, or, as it is called, "recognizance," recited that an information having been laid before the city magistrate, charging Emil Schaeffer with an offense under the Penal Code, and he having been brought before the city magistrate for examination on the charge, and it having been made to appear to the satisfaction of such magistrate that the examination should

be adjourned to some other day, and the hearing thereof having been adjourned, Schaeffer, the defendant, and Adolph Newman, the present appellant, "jointly and severally undertake that the above named Emil Schaeffer, defendant, shall personally appear before the said City Magistrate, at the 4th District City Magistrate's Court, in the City of New York, during the said examination, and on each and every day to which the said examination may be adjourned, until the same is fully completed or that he will pay to the People of the State of New York, the sum of Ten hundred dollars." The affidavit upon which this motion was made proceeds to state that on the 22d day of January, 1904, Newman appeared with Schaeffer, in pursuance of the undertaking, ready to proceed with the examination; that Schaeffer was arraigned before the magistrate, who, after hearing testimony on the part of the people, directed the defendant (with others) to sign a formal examination, and he (Schaeffer) was ordered to furnish surety in the sum of $1,500 for a further examination, which he failed to do, but was permitted to leave the court and its jurisdiction without having furnished such new undertaking. It is not claimed that a new undertaking was ever furnished. It is shown in the record, however, that the examination was to be proceeded with on the 25th of January, 1904. Schaeffer then failed to appear before the magistrate, and it was ordered that the recognizance be forfeited, and that judgment be entered according to law against Schaeffer and against Newman, the surety, for the sum mentioned in the recognizance.

It was argued in the court below, and is now insisted upon, that the appellant, Newman, fulfilled all of the terms of his obligation by producing Schaeffer at 2 o'clock p. m. on January 22, 1904, at the Fourth District City Magistrate's Court for examination; that the magistrate, having entered upon the examination, directed Schaeffer to sign it, took the custody and control of Schaeffer from the surety, and relieved the latter from any further responsibility; and that the action of the magistrate in ordering the defendant to furnish a new bond, in a different and larger amount, terminated the obligation of the surety upon the original undertaking.

The papers are vague and indefinite as to the facts. There is nothing in the affidavit of Newman to show what proceedings were actually had before the magistrate on the 22d of January, 1904, or as to an adjournment beyond that date. Whatever the facts may have been, they are not stated in the affidavit of Newman; but it appears in the record, and by an order made in the Magistrate's Court, that on the 25th day of January, 1904, the defendant did not appear. It is to be presumed from this order that there was an adjournment had from the 22d of January to the 25th, and there is nothing in the moving papers to indicate that the adjournment was made without the consent of the defendant and the surety. If it were without consent, that fact should have been shown by the appellant. It is not to be presumed that the adjournment was irregular or unlawful, without some statement of fact to that effect in the moving affidavit. It is said that the magistrate had no power to adjourn from January 22d to January 25th, unless by the con-

sent of the parties or upon motion of the defendant. That may be so, but the presumption is that the magistrate acted with such consent, unless some allegation or proof to the contrary is made. We must assume, therefore, that the adjournment was regular, and the simple question remaining is as to the scope of the undertaking which was given by Newman on the arrest of Schaeffer.

The condition of the undertaking was that Schaeffer, the principal, should personally appear "during the said examination on each and every day to which the said examination may be adjourned, until the same is fully completed." The undertaking was dated January 21st. An examination was then undoubtedly begun, and testimony was taken on the part of the people; but it does not appear that the examination was then completed, for Newman, in his affidavit, says that the accused·was required to furnish surety in the sum of $1,500 for a further examination, which indicates that the examination was incomplete. Until that further bond was furnished, the one upon which Newman was surety continued in force. The mere increase of the amount of bail did not exonerate the appellant, Newman, until the new bond was furnished, and Schaeffer was still in the custody of his surety. He was not taken into the custody of the law at all. It was the duty of the surety to produce his principal during the examination, or until the further bail was given.

The case is not at all similar to that of People v. McKenna, 62 App. Div. 331, 70 N. Y. Supp. 1057, where the prisoner was produced in accordance with the terms of the undertaking, but the magistrate did not appear, and there was no adjournment, except one made without the knowledge of any party to the proceeding. The magistrate had, of his own motion, directed an adjournment to a later date, but that fact was unknown either to the defendant or his surety; and the peculiar circumstances of that case were such that it was held therein that the surety had fully complied with all the obligation he had assumed as bail. We are not inclined to indulge in. any inferences in this case, but to decide it upon the plain facts that there was an obligation on the part of Newman to produce Schaeffer during the examination and at all adjourned dates, which obligation continued until the duty was fully discharged, or until it was superseded by complying with the requirement of giving a bond or undertaking in a larger sum in accordance with the order made by the magistrate. People ex rel. Van Aken v. Millham, 100 N. Y. 277, 3 N. E. 196; People ex rel. Ritzenthaler v. Higgins, 151 N. Y. 570, 45 N. E. 1033.

The order appealed from should be affirmed. All concur.