(80 Misc. Rep. 75.)

## PEOPLE v. PUGLIESE.

(Supreme Court, Trial Term, Kings County.    March 26, 1913.)

1. BAIL (§ 55*)—BOND—REQUISITES AND VALIDITY.

A bail bond given by a person held to answer by the Magistrate's Court is only binding on the surety in so far as it complies with Code Cr. Proc. § 568, specifying the form of bond in such case.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 213–224, 228–238, 246–253; Dec. Dig. § 55.*]

2. BAIL (§ 75*)—BOND—OBLIGATION OF SURETY.

Under a bail bond given by a person held to answer by the Magistrate's Court, and conditioned in the language of Code Cr. Proc. § 568, that he would appear and answer the charge in whatever court it might be prosecuted, the surety was a substitute jailer, voluntarily assuming the obligation, severally and jointly with the accused, to have the accused as effectually in the power of the court when his trial was reached as if he were in prison.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 309–321; Dec. Dig. § 75.*]

3. BAIL (§ 90*)—ACTION ON BOND—SUFFICIENCY OF EVIDENCE.

In an action by the people on a forfeited bail bond given by a person held to answer by the Magistrate's Court after examination and conditioned in the language of Code Cr. Proc. § 568, that he would appear and answer the charge in whatever court it might be prosecuted, the people established a prima facie case by introducing the undertaking, the order of forfeiture, and the record of the proceedings in the Magistrate's Court and Court of Special Sessions showing that accused pleaded in the Court of Special Sessions, and that, after several adjournments, he was called to answer on the last adjourned day, and failed to appear, without showing that accused or the surety was given notice that the case would be called for trial on that adjourned day.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 401–406; Dec. Dig. § 90.*]

4. CRIMINAL LAW (§ 304*)—JUDICIAL NOTICE—PROCEEDINGS OF INFERIOR COURTS.

Judicial notice will be taken of the existence, terms, and proceedings of the Magistrate's Court and Court of Special Sessions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700–717; Dec. Dig. § 304.*]

5. EVIDENCE (§ 82*)—INFERIOR COURTS—PRESUMPTIONS—JUDICIAL PROCEEDINGS.

The rule that no presumption will be indulged in favor of the proceedings of inferior courts only applies to the question of jurisdiction, and such courts, like all others, are presumed to have acted correctly as to matters within their jurisdiction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 104; Dec. Dig. § 82.*]

6. BAIL (§ 79*)—BOND—RELIEF FROM FORFEITURE.

The courts have full power to relieve against harsh and inequitable consequences of the forfeiture of a bail bond, resulting from mistake, inadvertence, or attendance at the wrong court.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369; Dec. Dig. § 79.*]

Action on a forfeited bail bond by the People against Raffaelo Pugliese. On motion by defendant to set aside a verdict for plaintiff and for a new trial. Denied.

The defendant moves to set aside the verdict for the people and for a new trial. The action was brought upon a forfeited bail bond. One Columbo had been held, by a magistrate, to answer a charge of violating the liquor tax law, and admitted to bail; the condition of the undertaking being that the said Columbo should "appear and answer the charge * * * in whatever court it may be prosecuted, *. * * and at all times render himself amenable to the orders and process of the court." Upon the trial the people-plaintiff proved the undertaking and the records of proceedings had in the Magistrates' Court and in the Court of Special Sessions. From these it appeared that the accused had pleaded in the latter court on November 6, 1905, when an adjournment was had to December 1, 1905; then counsel was engaged for him, and an adjournment taken until December 6, 1905, on which day, on motion of the defense, the case was adjourned to January 5, 1906, when the accused was called to answer, and, not appearing, the undertaking was forfeited.

Hersey Egginton, for the People.
Thomas C. Whitlock, for defendant.

KELBY, J. The objection made by defendant is that there was neither pleading, nor proof, of notice to the accused and the surety that the criminal case would be called for trial, and that the people did not establish a prima facie case by introducing in evidence simply the undertaking, the records of the courts, and the order of the forfeiture. After being held by the magistrate, the accused was open to prosecution in any one of three manners: By proceedings in the County Court if indicted by the regular grand jury; by proceedings in the Supreme Court if indicted by a special grand jury; or by proceedings without indictment in the Court of Special Sessions. There might conceivably even have been further proceedings in the Magistrate's Court. Section 568, Code Crim. Proc., expressly provides that the undertaking upon which, pending proceedings, the accused is released, must be that the accused "shall appear and answer the charge above mentioned in whatever court it may be prosecuted."

[1, 2] The undertaking is only binding upon the surety in so far as it complied with that section. People v. McKenna, 62 App. Div. 327, 70 N. Y. Supp. 1057. It is not contended that the undertaking under consideration either in form or effect is not in compliance with the statute. To that point all proceedings were in accordance with law, and under a valid undertaking the surety for bail is a substitute jailer, who voluntarily assumes the obligation, severally and jointly with the accused, to have the latter as effectually in the power of the court, when his trial is reached, as if he were within the prison walls. Champlain v. People, 2 N. Y. 82, 83; Pernetti v. People, 99 App. Div. 391, 91 N. Y. Supp. 210, affirmed 181 N. Y. 556, 74 N. E. 1124.

[3] I think the people suing upon a forfeiture of such an undertaking establish their case without any other proof than that mentioned in the foregoing statements of facts.

[4] Judicial notice is to be taken of the existence, terms, and proceedings of the various subordinate courts and judicial officers whose acts the records purport to show.

[5] The rule that no presumptions are indulged in in favor of the proceedings of inferior courts only applies to the question of jurisdiction; such courts like others being presumed to have acted correctly

as to matters within their jurisdiction when that question is solved. Jones on Evidence (2d Ed.) § 36, p. 36. With the presumption of regularity and sufficiency of all prior acts it must be taken for verity that the accused and his bail were duly called, and did not appear or answer. People v. Huggins, 10 Wend. 464; People v. Van Eps, 4 Wend. 387; 5 Cyc. 148–150; City v. Matthews, 180 N. Y. 41, 72 N. E. 629; People v. Kurtz, 9 N. Y. Supp. 745; People v. Powers, 7 Barb. 462; s. c., 6 N. Y. 50; Comm. v. Fogelman, 3 Pa. Super. Ct. 566.

The defendant cites People v. McKenna, 62 App. Div. 327, 70 N. Y. Supp. 1057, and People v. Scott, 67 N. Y. 585. Neither of the cases has any applicability to that at bar. The first named case, as appears upon reading it and as subsequently pointed out in People v. Newman, 100 App. Div. 436, 91 N. Y. Supp. 811, was a case where the surety complied with the terms of the undertaking by producing the prisoner at a regular adjournment, but not at an irregular adjournment of which he had no notice. In the second case the undertaking was for the production of the accused "from time to time as directed by said justice," and so provided for an express direction to appear at any adjourned day.

[6] The suggestion in defendant's brief that it would be a harsh and inequitable rule to hold that the surety must be in attendance upon the various courts where the principal may be called upon to answer to obtain information as to the time when the principal would be required to appear in court has neither force nor application in connection with the case at bar. If in another possible case any harsh and inequitable consequences would result from mistake, inadvertence, or attendance at the wrong court, there is full power to relieve from a forfeiture so brought about. With that consideration I have had, however, at present, nothing to do. This is not a proceeding for such relief. It clearly appears from the records that the principal did have notice of each of the adjournments, and himself requested the one made to the day of forfeiture. He did not appear then, or since, with any excuse for his breach of the constructive custody which his surety, the defendant here, assumed over him and undertook to guard. I see no reason whatsoever why the defendant should not be held.

Motion denied.