[Civ. No. 6296. Second Appellate District, Division Two.—January 24, 1929.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Frank S. Adams and Milton H. Silverberg for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard and William B. McKesson, Deputies County Counsel, for Respondent.

CRAIG, J.—On June 4, 1928, one Domenick Romeo was arrested and taken before a judge of the municipal court of the city of Los Angeles upon a charge of having violated the Wright Act (Stats. 1921, p. 79), a felony, at which time he gave bail in the sum of $2,500, as then fixed, and was released. On June 6th, at the close of his preliminary examination, the defendant moved for a reduction of bail to $1,500, whereupon an order was made and entered directing that he furnish bail in the amount last mentioned or be committed to the custody of the sheriff until such bail be given. He was not taken into custody, nor did he furnish new bail, but left the courtroom and was at all times at large thereafter. Upon the date set for arraignment in the superior court, Romeo failed to appear, whereupon the latter court declared his bail forfeited, and ordered the issuance of a bench warrant. The original bail in the sum of $2,500 having been furnished by the petitioner herein, it seeks by *certiorari* to review the proceedings below, and prays exoneration therefrom.

The numerous authorities relied upon by the petitioner are uniform in adhering to the well-established rule that if a defendant be convicted, or be surrendered by his sureties and actually taken into custody, his bail given for appearance at the time of trial will be exonerated, and the bond rendered

*functus officio.* But there is no contention in the instant case that the defendant was at any time surrendered, nor that he was present at the time set for arraignment, or that he was tried.

We are cited to no authority directly in point, nor are we aware of any. In *People* v. *Newman,* 100 App. Div. 436 [91 N. Y. Supp. 811], it appeared that Newman and another entered into a recognizance in the sum of $1,000, wherein it was provided that the principal would ''personally appear during the said [preliminary] examination on each and every day to which the said examination may be adjourned, until the same is fully completed.'' The defendant in the criminal case was present at the commencement of the preliminary examination, and after hearing testimony on the part of the people the magistrate continued the proceedings, and directed that the defendant furnish a new undertaking in the sum of $1,500, which he failed to do, but departed and was not present when the examination was resumed. In affirming a judgment against the surety it was said in part:

''The undertaking was dated January 21st. An examination was then undoubtedly begun, and testimony was taken on the part of the people; but it does not appear that the examination was then completed, for Newman, in his affidavit says that the accused was required to furnish surety in the sum of $1,500 for a further examination, which indicates that the examination was incomplete. Until that further bond was furnished, the one upon which Newman was surety continued in force. The mere increase of the amount of bail did not exonerate the appellant, Newman, until the new bond was furnished, and Schaeffer was still in the custody of the surety. He was not taken into custody of the law at all. It was the duty of the surety to produce his principal during the examination, or until the further bail was given.''

The undertaking here involved provided, not alone for the appearance of the accused at the preliminary examination, but required that he ''appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof; or, if the said

defendant fails to perform either of these conditions, that he will pay to the people of the State of California the sum of twenty-five hundred dollars." The accused for whose appearance the petitioner herein became surety did not perform the condition that he appear and answer the charge "in whatever court it may be prosecuted," nor did he "hold himself amenable to the orders and process of the court." It was the duty of the surety to produce his principal so that if convicted the latter could "appear for judgment and render himself in execution thereof," and for a failure to do so the surety promised to "pay to the people of the State of California the sum of twenty-five hundred dollars." Upon the second order of the municipal court having been made it was the right of the surety to surrender the principal. The order of June 6th did not purport to exonerate the bond previously given. As a result of it such exoneration could have been secured through the execution of a new bond in the sum of $1,500. Until such bond be given, however, we think the one first provided was in full force and effect. This conclusion having been reached, no other argument presented requires consideration.

The order is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.