THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ALFRED HANDEL and Another, Respondents.

First Department, June 20, 1933.

*Joshua Egelson, Deputy Assistant District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney*], for the appellant.

*Edward V. Loughlin* of counsel, for the surety, respondent.

MARTIN, J.    Alfred Handel, the principal, respondent, herein, was arrested in New York county on March 7, 1933, as a fugitive from justice from the State of New Jersey, where he had been indicted for the crime of murder.    On March 8, 1933, Handel was arraigned in the Seventh District Magistrates' Court, borough of Manhattan, and on March 10, 1933, he was committed for thirty days to enable his arrest to be made under the warrant of the Governor of New Jersey in extradition proceedings.    On March 17, 1933, Handel secured a writ of habeas corpus returnable in the Supreme Court, bail was fixed in the sum of $10,000 and the Continental Casualty Company, as surety, gave its undertaking in that sum, by the terms of which it undertook: " That the above-named defendant shall abide within the jurisdiction of this Court and shall appear before said court at the expiration of said period of thirty days, or at any other time within thirty days *from the date of said order;* and shall at all times render himself amenable to the process of said court, and shall render himself in execution of any warrant which may be issued by the Governor of the State of New York in these proceedings; and if he fail to perform any of these

conditions, that it will pay to the People of the State of New York the sum of $10,000."

On April 8, 1933, the matter of the surrender of the defendant Handel came up in the Supreme Court, Special Term, New York county, notice of surrender of the defendant having been served on the Continental Casualty Company and the attorney for Handel. On that day counsel for both the defendant Handel and for the surety, respondent, appeared as did the representative of the district attorney's office. The attorney for defendant Handel produced a telegram from the counsel for the Governor of New York State to the effect that a hearing was scheduled before the Governor for eleven A. M. on April 8, 1933. An adjournment to April 10, 1933, at two-thirty P. M. was requested and granted to counsel for the respondents herein. The assistant district attorney consented to the adjournment.

At the hearing before the Governor the defendant Handel was not present, and his absence being duly noted, the Governor's warrant was issued on the same day (April 8, 1933). The extradition proceedings were not concluded by reason of the fact that Handel had not been arrested under the Governor's warrant, though efforts were made to take him into custody.

When the matter of the surrender of the defendant Handel was before the court on the adjourned date, April 10, 1933, neither Handel, his attorney nor the attorney for the surety, respondent, appeared. Upon motion of the assistant district attorney the bail bond was declared forfeited by the justice presiding, and an order was entered on April 11, 1933.

On April 20, 1933, the surety, respondent, obtained an order to show cause to vacate and set aside the judgment herein and to discharge it from any further liability on the bond, which motion was granted, and an order entered thereon on May 24, 1933. The People of the State of New York appeal from that order.

In *People* v. *Cohen* (229 App. Div. 515; affd., 255 N. Y. 530) the court said: " The remission of bail forfeiture is governed by statute; and the surety may not claim relief as a matter of right. (Code Crim. Proc. §§ 597, 598; New York City Consol. Act, §§ 1482-1484.)

" The practice requires the surety seeking remission of the forfeiture to apply to the district attorney for a certificate that the People have lost no rights by reason of the failure of the surety to produce his principal in compliance with the bond. No such certificate has been obtained, nor is it claimed that the district attorney arbitrarily refused to grant one. Had such an application been made by the surety, the district attorney would, in all prob-

ability, have been bound to refuse to issue it, because defendants are still fugitives. In applications of this kind the rules laid down by this court in *People* v. *Levy* (169 App. Div. 571, 573) apply: '*First*, that in the absence of such a certificate the applicant must affirmatively show that the People, in fact, lost nothing by the surety's failure to produce his principal; *second*, that the mere fact that after a fugitive is captured or surrenders, he is acquitted upon trial does not of itself prove that the People lost nothing; *third*, that after a judgment has been collected, or cash bail has been paid over to the comptroller in satisfaction of the judgment and mingled with the city's funds, it cannot be summarily ordered to be paid back.' "

In *People* v. *Fields* (6 Daly, 410) the court said: " The papers submitted by the surety Wm. H. Florence, upon this application, disclose a very hard case, but no reason for discharging the judgment entered against him upon his recognizance. We have repeatedly held since *People* v. *Coman* (5 Daly, 527) that such an application as this is premature before the prisoner is produced, stands trial, and is either convicted or acquitted, or procures a *nolle prosequi* to be entered.

" The magnitude of the obligations which the surety has incurred in other prosecutions of the prisoner, freedom from complicity in his flight, vain efforts to find and rearrest him, do not affect the right of the People to enforce the judgment entered upon the recognizance. The prisoner is now at liberty as a fugitive, defying the laws, because the surety intervened to relieve him from imprisonment pending the trial; and the surety has no one but himself to blame if his confidence was misplaced. This is not a question of sympathy, but of substantial right, and the motion should be denied."

(See, also, *People* v. *Coman*, 5 Daly, 527; *People* v. *Lowenthal*, N. Y. L. J. May 19, 1931; *People* v. *Lemlein*, Id.; *People* v. *Stein*, Id. Aug. 6, 1925.)

Under the terms of its undertaking the surety, respondent, agreed to produce the prisoner within thirty days from the date of the order of commitment. On April 8, 1933, that opportunity was given, at which time the attorney for the defendants failed to produce the prisoner, and the defendants were then in default if the court wished to enforce that default. Having requested and been granted an adjournment, on the ground that the prisoner was required to be before the Governor, and having accepted that favor from the court, the respondents will not be permitted to repudiate their stipulation to produce the prisoner before the court on the 10th day of April, 1933. On the adjourned day the defendants were

again in default because of the failure of the prisoner to appear. The forfeiture was, therefore, timely and properly declared.

We see no ground whatever for the order entered herein. It may be that on a new application the district attorney may certify that the People of the State have lost no rights, but that is a matter entirely for the district attorney.

The forfeiture of the recognizance being within the time mentioned in the undertaking, in the absence of proof that the certificate of the district attorney that the People of the State of New York lost no rights was improperly withheld, it was error for the court to grant the application. The Continental Casualty Company is bound by its undertaking, and having failed to perform according thereto, it should be penalized.

The order should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements to the appellant, and motion denied, with ten dollars costs.