### LAMBERTY *v.* ROBERTS.

(*Supreme Court, General Term, First Department.* April 18, 1890.)

1. APPEAL—REVIEW—MATTERS NOT APPARENT ON THE RECORD.
   The objection that plaintiff did not reply to defendant's answer setting up a counter-claim will not be considered on appeal, where the amended answer is not set out in the record.
2. EVIDENCE—BOOK ENTRIES.
   In an action for services, it is competent for plaintiff's foreman to testify from a book kept by plaintiff's book-keeper, as to the number of hours spent on the work by the various men, when the witness testifies that the entries were made under his directions, and that he furnished the proper material therefor in the shape of time-slips actually within his personal knowledge, and signed by him after due inspection.

Appeal from circuit court, New York county.

Action by John Lamberty against Milton J. Roberts. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Eugene Frayer*, for appellant. *J. C. McGuire*, for respondent.

BARRETT, J. This action was for work, labor, and services in constructing and fitting attachments to an electric motor to be used in bone surgery, upon an agreement to pay 45 cents per hour for each hour spent upon the work. The defendant denied that he agreed to pay this sum per hour, and he also denied that the plaintiff spent upon the work the number of hours specified in the complaint. He further set up two special defenses: *First*, that the job was to be completed at a fixed time, and that it was not completed until a long time afterwards; and, *second*, that the motor should do the work for which it was designed, in which respect there was a complete failure. The latter defense was repeated and amplified as a counter-claim, under which the defendant demanded an affirmative judgment.

The first point made by the appellant is that he should have had judgment on

this counter-claim for the reason that the plaintiff failed to reply. The difficulty here is that the record shows no such neglect on the plaintiff's part. The case states that the answer was served on the 5th of January, 1887, and that a reply was served upon the 7th of the following March. It is said that an amended answer was served on the 25th of March, and the defendant's contention throughout is that no reply was served to the counter-claim contained in this amended answer. The only evidence we have upon this subject is contained in the judgment roll. There we find an answer to the amended complaint. This answer does not seem to be the amended answer referred to in the statement which precedes the record. It is not styled an amended answer, but an answer to an amended complaint, and it is verified as of the date of the 26th of January. In this answer there is a counter-claim; and we find in the record a reply thereto, duly verified, on the 7th of March. If there was an amended answer served after the latter date, it should have been inserted in the record, and presented to the court upon the trial. We have no means of knowing whether such amended answer contained a counter-claim at all; and consequently we need not determine whether, assuming such counter-claim to have been precisely the same as that set out in the original answer, the plaintiff was bound to reverify and re-serve his reply.

The next point made by the appellant is that the court erred in permitting the plaintiff's son Charles to testify, from a book kept by the plaintiff's book-keeper, as to the number of hours spent on the work by the various workmen. We have gone over the entire record on this head, and we think that the course pursued upon the trial was not, under the circumstances, objectionable. This son was the plaintiff's foreman, and had charge of the work in question. He knew what each man did, and was able to verify from personal knowledge the memoranda which were styled "time-slips." These time-slips were verified by him before the entries therefrom were made in the books, and he afterwards compared the entries in the books with such time-slips. Thus he was able to vouch for the correctness of the entries from his own personal knowledge. The following testimony which he gave is conclusive on that head: "I did not rely on the reports of the men of the way in which they distributed their work. I was foreman, and knew every job that every man was on at all times. I could tell every day the length of time he was at work. If he should put down on his time-slip ten hours for yesterday, I knew whether he had worked ten hours or not. I may say, by being there nineteen-twentieths of the time, I did have personal knowledge that if he put down five hours on one job and five hours on another job, or three hours on one job and seven on another, I had personal knowledge that that was correct." Under such circumstances the objection to Mr. Charles Lamberty's looking at the book, with a view to refreshing his recollection, was hypercritical. Even if the book did not refresh the witness' recollection so as to enable him to state from memory the exact number of hours spent by each of the plaintiff's employes, it was proper to permit the entries to be used as original memoranda made at the time, and testified to as truly and accurately made from personal observation. It is true that the entries were made by the book-keeper, but such entries were made by direction of Mr. Charles Lamberty, who furnished the book-keeper with the proper material therefor, in the shape of time-slips actually within his (Charles Lamberty's) personal knowledge, and signed by him after due inspection.

The only other point worthy of consideration is that with reference to what is called the "straight saw head-piece." The defendant contends that the uncontradicted evidence shows that this part of the work was to be done after the plan of a model furnished to the plaintiff, that it was not so done, and that consequently it failed and was worthless. Accordingly, the defendant requested the court to charge that the plaintiff was not entitled to recover for the work done in constructing this straight saw head-piece. This was refused,

and the defendant excepted. The ruling was correct, for the reason that the testimony was not, as contended, uncontradicted. The model was furnished to the plaintiff merely to give him a general idea of the way the work was to be done; but the defendant was not satisfied with the model, and redirected the plaintiff to make this straight saw head-piece as it was made. At all events, there is testimony in the case to that effect, and it would therefore have been error to charge as the defendant requested.

There is nothing in any of the other exceptions. The case was fairly submitted to the jury upon all the questions raised by the answer, and the suggestion that the verdict should be set aside because the jury did not award quite as much as the plaintiff proved is without merit. The judgment should be affirmed, with costs. All concur.