EDWIN N. MAYBERRY *vs.* FRED W. HOLBROOK.

Norfolk.    November 14, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Evidence*, Use of memoranda.   *Witness.*

A physician, suing for charges for professional services at so much a visit, may testify with his books before him as to the calls that he made, although without his books he could not tell their number, if he is able to say from the entries as he inspects them that the facts are as there entered.

CONTRACT for professional services.   Writ dated October 27, 1900.

At the trial in the Superior Court *Mason*, C. J. gave the instructions quoted in the opinion.   The jury returned a verdict for the plaintiff in the full amount claimed ; and the defendant alleged exceptions.

*C. B. Snow, Jr.*, for the defendant.

*H. N. Allin*, for the plaintiff, submitted a brief.

HAMMOND, J. This was an action of contract brought by a physician to recover for professional calls as set out in the account annexed in the declaration. The account contained one hundred and twenty-six items, being one for each call.

At the trial the plaintiff, with his books before him, testified upon his examination in chief that he had made that number of calls. Upon cross-examination he testified that he did not keep the run of these calls in his memory, and that without looking at the books he could not tell about their number. It does not appear that the books were put in evidence. The defendant denied that any calls were made, and asked a ruling that upon all the evidence the plaintiff could not recover. The judge refused so to rule and the defendant excepted. Upon the point involved the judge instructed the jury as follows: "I am reminded by counsel that he does not desire to admit that the services were rendered as charged and it is said that the plaintiff having testified that he could not now state from memory, independent of his books, that he did render services as charged in the bill, — but he states that he did render them as charged in the bill, he also states that in making that he relies on his books. He does not state that the books refresh his recollection so that he can now have a distinct recollection of all those items, but that is not necessary. If the books enable him to say now upon his oath that the fact was as the books have it that would be sufficient. For instance, a lawyer who habitually makes and writes wills for his clients and witnesses the execution of these wills may be entirely unable to recall any of the circumstances attending the execution of a given will, and, in the absence of the paper itself and his recognition of his own signature, he would not be able to say from recollection that he ever witnessed the will, but he does recognize his signature and he does know from his habit in business that he never affixed his signature to a will under those circumstances unless the certificate which he signed as a witness was true; and if he is able to say that what is asserted in that certificate was true it is not necessary that his recollection should be refreshed and that he should have now any distinct recollection of having signed it or of the testator, or of his condition of mind, if he is able to say from the fact that he finds that upon the paper which

has his own signature that certificate, and is able to assert that the fact is as there certified, that is sufficient. Now, if from the plaintiff's method of keeping his books he is able to say from the entries as he inspects them, that the facts are as there entered, that is competent evidence and it is only for you to say what its weight is." To these instructions the defendant excepted, as not applicable to the evidence on this case.

The instructions were correct and applicable, and the illustration contained therein was apt and well calculated to assist the jury. 1 Greenl. Ev. (16th ed.) § 439 *c*, and cases cited.

*Exceptions overruled.*