288, 32 Sup. Ct. 286, 56 L. Ed. 439; Singh v. State, 146 S. W. 891; Germany v. State, 62 Tex. Cr. R. 276, 137 S. W. 130; Dankworth v. State, 61 Tex. Cr. R. 157, 136 S. W. 788; Newman v. State, 58 Tex. Cr. R. 223, 124 S. W. 956.

[5] Appellant has two bills complaining of the remarks made by the prosecuting attorney in argument before the jury. Both of these bills show that, when he objected thereto, the court promptly sustained his objections and orally told the jury not to consider the same. The bills are very meager and do not show the surrounding circumstances and in no way show any reversible error. Besides this, he did not ask special written charges requiring the jury not to consider these remarks. Doubtless, as the court sustained his objections and orally instructed the jury not to consider them, he would have given written instructions if they had been requested by the appellant. Clayton v. State, 149 S. W. 119, and cases there cited.

We are clearly of the opinion that no honest jury could have found a verdict from the evidence and law in this case other than that of conviction.

There being no reversible error shown, the judgment is in all things affirmed.

---

## MISHER v. STATE.

(Court of Criminal Appeals of Texas. Dec. 4, 1912. Rehearing Denied Jan. 29, 1913.)

1. INTOXICATING LIQUORS (§ 205*)—VIOLATION—INDICTMENT.

An indictment for following the business of selling intoxicating liquors in prohibition territory, which, after alleging that prohibition was in force in a certain county, averred that accused did unlawfully pursue the business of selling intoxicating liquors therein, the same not then and there being permitted, and that he made sales to certain specified persons, is sufficient.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 225; Dec. Dig. § 205.*]

2. CRIMINAL LAW (§ 372*)—EVIDENCE—OTHER OFFENSES—INTOXICATING LIQUORS.

In a prosecution for pursuing the business of selling intoxicating liquors in prohibition territory, evidence of sales other than those charged in the indictment is admissible, tending to show that accused was pursuing that business.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 833, 834; Dec. Dig. § 372.*]

3. INTOXICATING LIQUORS (§ 226*)—PROSECUTION—EVIDENCE.

In a prosecution for following the business of selling intoxicating liquors in prohibition territory, where witnesses testified as to their purchase of intoxicants, but could not fix the date as before or after prohibition went into effect, other evidence to fix the date as after the time when prohibition went into effect is admissible, particularly where the witnesses were unwilling.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 282–286; Dec. Dig. § 226.*]

4. WITNESSES (§ 255*)—REFRESHING MEMORY—WRITINGS.

In a prosecution for following the business of selling intoxicating liquors in prohibition ter-

ritory, where a witness testified to purchases, and that at the examining trial of accused before a justice he gave the correct date of those purchases, the examining trial docket of the justice, wherein this testimony was reduced to writing, is admissible to refresh the memory of the justice as to the date given by the witness; the latter having stated that the docket was a correct entry.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

5. WITNESSES (§ 255*)—REFRESHING MEMORY —DOCUMENTARY EVIDENCE.

In a prosecution for following the business of selling intoxicating liquors in prohibition territory, where a witness testified as to his purchase of intoxicants, and that, though he did not remember the date of such purchases, he had given the correct date at accused's examining trial, the trial docket of the justice, in which his testimony was reduced to writing and signed by him, is admissible to refresh his memory.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

6. CRIMINAL LAW (§ 954*) — APPEAL—ASSIGNMENTS OF ERROR.

Assignments of error in accused's motion for a new trial, that the court erred in submitting to the jury paragraph 1 of the charge, are too general to be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2341, 2363–2367; Dec. Dig. § 954.*]

7. CRIMINAL LAW (§ 304*)—OFFENSES—INSTRUCTIONS.

In a prosecution for following the business of selling intoxicating liquors in prohibition territory, the trial judge may charge the jury, as a matter of law, that beer is an intoxicant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 295½, 700–717; Dec. Dig. § 304.*]

8. INTOXICATING LIQUORS (§ 223*)—OFFENSES —EVIDENCE—SUFFICIENCY.

In a prosecution under Acts 31st Leg. (1st Ex. Sess.) c. 15, for following the business of selling intoxicating liquor in prohibition territory, proof of two illegal sales is sufficient to support a conviction, although a greater number have been alleged in the indictment.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 263–274; Dec. Dig. § 223.*]

9. CRIMINAL LAW (§§ 763, 764*)—TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In a prosecution for following the business of selling intoxicating liquors in prohibition territory, a charge that, to constitute the business of selling intoxicating liquors, defendant must have pursued that as a calling for profit, and that it must be shown that at least two sales have been made, and that if defendant did unlawfully engage in and pursue the business of selling intoxicating liquors, and has made two distinct sales as averred in the indictment, then he is guilty, is not on the weight of the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731–1748, 1752, 1768, 1770; Dec. Dig. §§ 763, 764.*]

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Frank Misher was convicted of following the business and occupation of selling intoxicating liquors in prohibition territory, and he appeals. Affirmed.

G. B. Fenley and Claude Lawrence, both of Uvalde, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of following the business and occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years' confinement in the state penitentiary.

[1] After alleging that prohibition was in force in Uvalde county, in proper terms, the indictment alleges that thereafter, to wit, "on or about the 15th day of July, A. D. 1909, and prior to the filing of this indictment, in the county of Uvalde and state of Texas, one Frank Misher did then and there unlawfully engage in and pursue the business and occupation of selling intoxicating liquor, the same not then and there being permitted by law in said county; and he, the said Frank Misher, did then and there, in said county and state, on or about the 1st day of August, A. D. 1909, unlawfully sell four bottles of beer, the same then and there being intoxicating liquor, to one Roy Crane; and he, the said Frank Misher, in said county and state, did then and on or about the 15th day of August, A. D. 1909, unlawfully sell six bottles of beer, the same then and there being intoxicating liquor, to one Roy Crane; and he, the said Frank Misher, in said county and state, did, during the month of August, A. D. 1909, unlawfully sell intoxicating liquor, to wit, one bottle of whisky, to one S. T. Bunting; and he, the said Frank Misher, did then and there unlawfully, during the said month of August, A. D. 1909, sell intoxicating liquor, to wit, beer and whisky, to one J. T. Power, and to divers and various other persons whose names are to the grand jurors unknown, and in quantities to the grand jury unknown, all of which said occupation and business of selling intoxicating liquors was in violation of said law, and which said occupation and business so unlawfully pursued and engaged in by the said Frank Misher was not then and there permitted by law in said county of Uvalde aforesaid, against the peace and dignity of the state." This form of indictment has been so frequently approved by this court we do not deem it necessary to discuss these questions again. Slack v. State, 61 Tex. Cr. R. 372, 136 S. W. 1073, and cases there cited.

[2] In addition to proving sales to the persons above alleged, the state also proved by Josh Barker that he had bought beer from defendant on four or five different occasions, paying him 20 cents per bottle for it; that defendant kept the beer in a large ice box or refrigerator, and when the box was opened witness saw a large quantity of beer in it. And by Lee Robinson that he purchased a dozen bottles of beer from defendant on the day of his arrest. The ob-

jection urged to this testimony was "that it was irrelevant and immaterial, for the reason that it was nowhere alleged in the indictment that the defendant ever sold to these witnesses any intoxicating liquor." The defendant was not charged. with making a "sale." This is one offense, and pursuing the business or occupation is a separate and distinct offense, made so by our laws; and evidence of any and all sales made would be admissible as a circumstance going to show that appellant was engaged in that business or occupation, as was the fact that he had a large quantity of beer on hand in his place of business, in an ice box. Robinson v. State, 147 S. W. 245; Dickson v. State, 146 S. W. 914; Clay v. State, 144 S. W. 280.

[3] At the request of appellant, the court instructed the jury: "Gentlemen of the jury, you are instructed as a part of the law of this case that, even though you should find that the defendant made two sales of intoxicating liquors to the witnesses Josh Barker and Lee Robinson, and that said sales were made since July 11, 1909, you are bound to acquit the defendant, unless you should, in addition thereto, further find, beyond a reasonable doubt, that the defendant also made at least two sales as charged in the indictment to persons named in the indictment, and that said sales were made since July the 11, 1909." In this case it was alleged that a sale had been made to S. T. Bunting. Bunting testified on this trial that he purchased a bottle of whisky from appellant in the summer of 1909, and paid him 75 cents for it. He could not fix the exact time, but said that it was just about the time Hulett Bowles was killed, and that he purchased the liquor for W. R. Cook. The deputy sheriff was then introduced, and testified that Bowles was killed about the 4th day of August, 1909, and Cook testified that it was a day or two after Bowles received his death wounds when Bunting purchased the whisky for him. This testimony was all admissible. Another witness fixed the date on which he purchased the liquor as the day defendant was arrested, and the officer was permitted to state that he arrested defendant August 20th. This testimony was also admissible in order to fix the date. J. T. Powers testified that he had purchased both beer and whisky from defendant on a good many occasions, and paid him for it, but could not remember the date of the purchases, saying: "I paid him considerable money for beer and whisky, but do not now remember the amount of money nor the date of purchases." He stated he moved to Uvalde in March, 1909, and all the beer and whisky was purchased after that date and prior to the arrest of defendant. Witness remembered testifying at the examining trial, and said it may have been a month, six weeks, or two months before the examining trial when he purchased the liquors.

[4] The state then introduced the justice of the peace, who identified the examining trial docket of his court and said: "These entries are in my handwriting; I made them myself; I wrote the dates myself; and I know I wrote the date correctly." After which the state introduced the docket, which showed the examining trial in causes Nos. 198 and 199 were held on August 21, 1909, in No. 200 on August 23, 1909, in Nos. 201, 202, and 203 on August 30, 1909; all being cases against defendant, charged with selling intoxicating liquor. The Encyclopedia of Evidence, vol. 11, p. 105, lays down the rule to be: "A public officer called as a witness may refresh his memory by the entries of records in his office, which he knew at the time of making to be correctly made. The witness must be able to say that the writing is a true statement; but it is not necessary that the witness should have an actual recollection of the facts; it is sufficient that the witness is able to state the memorandum is correct"—citing authorities from almost every state in the Union.

[5] Again, another witness for the state, Roy Crane, testified to the purchase of beer from defendant, during the year 1909, some time between January and September, and said he paid him for it, but in his testimony declined to fix the date of purchase, whether prior or subsequent to July 11, 1909. He was then asked if he testified at the examining trial, and, being shown his testimony at the examining trial, said that it did not refresh his memory to the extent of rendering him able to testify positively to the date of purchase, independent of and without referring to this testimony. He stated, however: "I know I testified correctly at the examining trial, and I signed the testimony that was written down. I signed this document myself. At the examining trial I detailed the facts and told the truth, and I suppose the document I hold in my hand, which was signed by me, contains a correct statement of my testimony at the examining trial." After thus testifying, the state was permitted to prove that the date set forth in the instrument was August 15, 1909, as the date of purchase by witness from defendant. In volume 11 of the Encyclopedia of Evidence the rule is stated to be: "If a witness, on looking at a writing, is able to testify that he knows the transaction therein noted took place, though he has no present memory of it, his testimony is admissible," citing Graham v. Lockhart, 8 Ala. 9; Mayberry v. Holbrook, 182 Mass. 463, 65 N. E. 849; Wernwag v. Chicago & A. R. Co., 20 Mo. App. 473; Lamberty v. Roberts, 9 N. Y. Supp. 607;[1] State v. Dean,

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 644.

72 S. C. 74, 51 S. E. 524; Sharpe v. Bingley, 1 Mill, Const. (S. C.) 373, 12 Am. Dec. 643; Davis v. Field, 56 Vt. 426; Dodge v. Bache, 57 Pa. 421. And in Schettler v. Jones, 20 Wis. 412, the court said: "We think the sounder and better rule to be that if the witness can swear positively that the memoranda or entries were according to the truth of the facts that is sufficient, though they may not remain in his memory at the time he gives the testimony. He may testify from the entries, and when he does so he swears positively to the truth of the facts in them." In this work, beginning on page 95 and down to and including page 107, will be found an extensive treatise on this question, and a long list of authorities holding that the court did not err in admitting this testimony. The same rule is laid down by Mr. Underhill in his work on Criminal Evidence, in section 217, where will also be found a list of authorities sustaining the text. Mr. Wharton (section 516 et seq.) says a witness may refresh his memory by memorandum, and it is not fatal that now witness had no recollection independent of the memorandum.

Mr. Greenleaf, in his work on Evidence, treats of this question in sections 436 and 437, and says: "Where the witness recollects having seen the writing before, and though he now has no independent recollection of the facts mentioned in it, yet he remembers that at the time he saw it he knew the contents to be correct, it is admissible." In this case the witness recollects distinctly testifying at the examining trial, that his testimony was taken down in writing and signed by him, and he identifies his signature to this instrument, and he recollects that at that time he correctly stated the date of purchase, although at the time of this trial he does not now remember the date, but does remember making the purchases; and under such circumstances it was permissible to prove the date, as was done in this case. This question is treated of by Judge White in Kimbrough's Case, 28 Tex. App. 369, 13 S. W. 218, by Judge Davidson in Stringfellow's Case, 42 Tex. Cr. R. 589, 61 S. W. 719, and by Judge Brooks in Arnwine's Case, 54 Tex. Cr. R. 215, 114 S. W. 796, and in all of them it is held that if the witness has no present recollection of the facts, if he is able to refer to data which he knows was correct at the time it was made, the data may be used to prove the fact, even though at the time of trial he has no independent recollection of the fact; and by the United States Supreme Court, in the case of Putman v. United States, 162 U. S. 687, 16 Sup. Ct. 923, 40 L. Ed. 1118, this question is treated at length. In this case it is true the date of sale and purchases was a material fact to be proven. The law under which appellant was prosecuted became effective July 11, 1909, and the defendant was arrested and had an examining trial the latter part of August, 1909, and it was necessary to prove that the defendant was engaged in the business and occupation subsequent to July 11, 1909, and prior to the return of the indictment herein; consequently the sales sought to be proven must have been subsequent to July 11, 1909. When the trial takes place long after the transaction, it is not remarkable that the witnesses could not name the date of sale, while he would remember distinctly the purchase of the commodity. None of us would hardly retain in our memory the distinct date. In addition to this, the court, in approving the bills, states the witnesses were unwilling witnesses and adverse to the state; and under such circumstances, where the witnesses were unwilling to fix the date of purchase, but would state facts and circumstances by which the dates could be fixed, it was permissible to resort to this character of testimony to fix the date. In one instance the witness stated positively he purchased whisky, but could not name the date of purchase; however, he did state that it was on the day defendant was arrested. Another stated he purchased beer, but could not fix the date, but said it was within four or six weeks prior to the date of the examining trial. It was then permissible to show by the court records the date of the examining trial. In another instance the witness would not fix the date, but said at the examining trial he had testified to the date correctly, and the testimony was reduced to writing, and it was permissible to prove the date by this record.

The court, in his charge, instructed the jury that they must believe beyond a reasonable doubt that defendant engaged in the business or occupation after July 11, 1909, and prior to the filing of the indictment in this case, and, in addition thereto, made at least two sales of intoxicating liquors to parties named in the indictment within that period of time; or they would acquit him.

[6] Those paragraphs of the motion reading, "The court erred in submitting to the jury paragraph 1 of the court's general charge," pointing out no error in the paragraph, are too general to be considered. Quintana v. State, 29 Tex. App. 401, 16 S. W. 258, 25 Am. St. Rep. 730.

[7] The complaint that the court erred in charging the jury, as a matter of law, that beer is an intoxicating liquor has been decided adversely to appellant's contention. Moreno v. State, 143 S. W. 156.

[8] The complaint that because the indictment alleged four separate and distinct sales the proof must show each of such sales was made is not tenable. It was only necessary to prove that appellant was engaged in the occupation and made two of the sales alleged to have been made, and the court did not err in so instructing the jury. Acts 31st Legislature (1st Ex. Sess.) c. 15, p. 284.

[9] The court charged the jury: "In order to constitute the occupation or business of selling intoxicating liquors, as alleged in the indictment in this case and as prohibited by law, as set out in paragraph 1 of these instructions, is meant that which occupied a part of the attention and time of the defendant as a business or calling, and which business he pursued for the purpose of profit and gain; and it must also be shown in addition to this, if at all shown, it must be shown that at least two sales of intoxicating liquors had been made by the defendant in Uvalde county, Texas, subsequent to July 11, 1909, and prior to the filing of the indictment herein. Now, gentlemen of the jury, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Frank Misher, in Uvalde county, Texas, and on or about the time alleged in the indictment, and after the 11th day of July, 1909, and prior to the 7th day of April, 1911 [date of filing the indictment herein], did unlawfully engage in and pursue the business of selling intoxicating liquors, as these terms have been hereinbefore explained to you, and you further find from the evidence beyond a reasonable doubt that the defendant, in Uvalde county, Texas, and on or about the times alleged in the indictment, and in each and every instance since the 11th day of July, 1909, did make two separate and distinct sales of intoxicating liquors, as alleged, to at least two of the parties whose names are set out in the indictment, then and in case you so find you will find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for any time not less than two nor more than five years; and unless you so find you will acquit the defendant."

The objections to these paragraphs are (1) that the court did not require the jury to believe that the sales were made before the filing of the indictment. The court does so instruct the jury in the first paragraph herein copied. (2) The next criticism is that these paragraphs are upon the weight of the testimony. We think a careful, if not a casual, reading of them will demonstrate that such complaint is not well founded. In the first paragraph the court is defining occupation or business; and, while some expressions may be inapt, yet such charge is not subject to the criticism that it is upon the weight to be given the testimony. (3) The other criticism that it only required two sales to be proven, while the indictment alleged more than two, has heretofore herein been discussed.

We have carefully studied this record and the evidence adduced on the trial, and are fully convinced that the evidence supports the verdict.

The judgment is affirmed.